RAGAN REDMOND *v.* R. T. WARDREP.*

(*Knoxville.* September Term, 1923.)

1. **JUDGMENT.** Presumption indulged in support of decree of court having jurisdiction of subject-matter.

Whenever it appears that a court of general jurisdiction had jurisdiction of the subject-matter, every reasonable presumption will be indulged in support of a decree of that court. (*Post, pp.* 37, 38.)

2. **ADOPTION.** Rule stated as to presumption on review of decision granting petition of adopted son for letters of administration on estate of foster mother.

Where, in a proceeding by an adopted son to be appointed administrator of his foster mother's estate, in which objection was made that notice was not given to the natural father and mother of the adoption proceedings, *held* on *certiorari* to review decision granting petition of son for administration that it was fair to presume that, on the hearing of the petition for administration, it was made to appear to the court not only that the father of the child was technically before the court in the adoption proceeding as one of the petitioners, and actively participated in the proceeding, but that the mother had been consulted, and had expressly given her consent. (*Post, pp.* 37,38.)

3. **ADOPTION.** Decree of adoption complying with statute as respects notice to and consent of parents cannot be attacked by them.

Where every intendment of the adoption statute was complied with as respects notice to and consent of parents of adopted child, neither the father nor mother of the adopted child could attack the adoption decree. (*Post, pp.* 37, 38.)

---

*On validity of adoption without consent of natural parents, see note in 30 L. R. A. (N. S.) 146.

On constitutionality of statute permitting adoption of child without consent of parents, see note in 18 L. R. A. (N. S.) 926.

On necessity of notice to parents before adoption of child, see note in 24 A. L. R. 416.

Redmond v. Wardrep.

Case cited and approved: In re Knott, 138 Tenn., 349.

4. **ADOPTION.** Party instituting and participating in adoption proceedings is bound by proceedings.

One who instituted adoption proceedings and actively participated therein was bound by those proceedings. (*Post, p. 39.*)

5. **EXECUTORS AND ADMINISTRATORS.** Right to administer on estate of mother by adoption passed to adopted son.

The right to administer on the estate of deceased *held* to have passed to her legally adopted son, in view of Shannon's Code, section 5411. (*Post, pp. 38, 39.*)

Code cited and construed: Sec. 5411 (S.).

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

BEN H. TESTERMAN and EVERETT GREER, for Redmond. H. N. CATE, for Wardrep.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This case involves the construction of the Tennessee statutes providing for the legal adoption of a child. Upon the death of Phynetia J. Redmond, March 16, 1921, the defendant, R. T. Wardrep, a brother, was appointed on the same day administrator of the deceased. Thereafter, on the 18th of April following, petitioner Ragan Redmond brought this suit in the county court of Knox county setting up that he was the legally adopted son of the de-

ceased, and entitled to administer her estate, and pray-
ing for the removal of Wardrep and his own appointment
in his stead. The county court dismissed the petition,
and this action was affirmed on appeal to the circuit court,
but upon appeal to the court of civil appeals the action
of the lower courts was reversed, and a decree entered
sustaining the petition, and following this decree the case
has been brought to this court for review.

The defendant Wardrep insists, first, that the decree
of adoption of the county court, upon which the rights
of petitioner Redmond rest, is void because of failure to
give notice of the proceeding, and reliance is had upon
*In re Knott,* 138 Tenn., 349, 197 S. W., 1097, in which this
court held that, while the notice need not necessarily be
a formal one, the natural parents should know of the pro-
ceeding and have an opportunity to resist the decree of
adoption. With the reasoning of this court in that case,
as well as the conclusions reached on the facts of that
case, we agree. However, in the present case it so hap-
pens that one of the petitioners in the proceeding for
adoption was the natural father of the petitioner in this
case, and that it also appears that the mother of the pe-
titioner, even excluding certain testimony objected to as
to correspondence had with her, was informed that the
proceeding for adoption was about to be instituted, and
that she not only stood by and made no objection, but ap-
proved the steps taken, gave her unqualified consent, and
now approves, and, in so far as she may do so, ratifies the
action. Whenever it appears that the court had jurisdic-
tion of the subject-matter, every reasonable presumption
will be indulged in support of the decree of a court of gen-
eral jurisdiction. The statute providing for adoption does

not specifically provide for notice to the father or mother, and, as already stated, the holding of this court in the Knott Case called only for informal notice with the view of avoiding just such a condition as arose in that case, wherein the action was taken without the consent or approval of a father whose right to the custody of his child was in no way impaired. We think it fair to presume that, on the hearing of the petition in the present case, it was made to appear to the court, not only that the father was technically before the court as one of the petitioners, and actively participating in the proceeding, but that the mother had been consulted, and had expressly given her consent, as it now clearly appears that she did do. Certainly every intendment of the statute has thus been complied with. Certainly, then, neither the father nor the mother of this adopted son would be able to attack the decree of adoption under these circumstances.

Again, there is plausibility in the insistence that whatever rights the defendant Wardrep has, grow out of his relationship as a brother of the Phynetia J. Redmond, who was herself a party to the petition for adoption, and who was, of course, bound by the proceedings instituted and actively participated in by her, and that Wardrep is not in any better position than this sister would be. Under all the circumstances of this case, we are therefore of the opinion that the attack upon the decree of the county court cannot be sustained.

It is next very earnestly insisted by learned counsel that under our statute the administration must be granted to the next of kin, and that an adopted son does not come within this definition. The argument is made that "next of kin" means blood relationship, and that, while an adopt-

ed child inherits and succeeds to the real and personal estate, he does so "as an heir and next of kin," but is not thereby given the full *status* of a next of kin; that he is only given capacity to inherit and succeed to the real and personal estate of such applicant as an heir and next of kin might do. We do not regard it as material to determine this precise question, in view of other language contained in this adoption statute, the pertinent section of which reads as follows:

"The effect of such adoption, unless especially restrained by the decree, is to confer upon the person adopted all the privileges of a legitimate child to the applicant, with capacity to inherit and succeed to the real and personal estate of such applicant, as heir and next of kin; but it gives to the person seeking the adoption no mutual rights of inheritance and succession, nor any interest whatever in the estate of the person adopted." Shannon's Code, section 5411.

It will be observed that the statute expressly confers "upon the person adopted all the privileges of a legitimate child to the applicant." One of the privileges of a legitimate child is the right to administer upon the estate of his father or mother, and we are of opinion that this privilege passes, under the express terms of the statute, to the adopted son in this instance. The right to administer is in no way controlled by the relative interests in the estate as between whose who are contesting this right, and the discussion of this issue is therefore not pertinent.

What has been said disposes of the determinative issues raised by the petition and assignments of error, and it results that the decree of the court of civil appeals must be affirmed.