MAY S. MERIWETHER *et al. v.* FOURTH & FIRST BANK & TRUST CO. *et al.**

(*Nashville.* December Term, 1925.)

**1. STATUTES.**

Statutes of adoption and of descent and distribution must be read together to determine whether adopted child inherits from adopting parent. (*Post, p.* 698.)

Cases cited and approved: Helms v. Elliott, 89 Tenn., 446; Finley v. Brown, 122 Tenn., 332; Redmond v. Wardrep, 149 Tenn., 35; Power v. Hafley, 85 Ky., 671; Scott v. Scott (D. C.), 247 F., 976; In re Walworth, 85 Vt., 322.

Code cited and construed: Sec. 5411 (S.).

**2. ADOPTION.**

Effect of adoption is to confer on person adopted all privileges of legitimate child. (*Post, pp.* 698, 699.)

Code cited and construed: Secs. 4163, 4172 (S.).

**3. ADOPTION.**

Under Shannon's Annotated Code, sections 4163, 4172, 5411, adopted child has right of inheritance from adopting parent, to which right his children succeed in case of his death before that of adopting parent. (*Post, pp.* 699, 700.)

Case cited and approved: Redmond v. Wardrep, 149 Tenn., 35.

Case cited and distinguished: Wilcox et al. v. Sams et al., 213 Ky., 696.

Code cited and construed: Sec. 5411 (S.).

---

*(1) Legal status of adopted child as to inheritance from adopted parent, see notes in 17 L. R. A., 435; 30 L. R. A. (N. S.), 915; 1 R. C. L., p. 618; 1 R. C. L. Supp., p. 218; 4 R. C. L. Supp., p. 44.

(3) On right of children of adopted child to inherit from the adopting parent, see note in 15 A. L. R., 1265.

---

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. James B. Newman, Chancellor.

J. D. Tyler, Dancey Fort, and Bass, Berry & Sims, for appellants.

W. L. Granbery, John J. Vertrees, and W. O. Vertrees, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

The sole question involved in this cause is the right of the children of an adopted child to inherit from the adopting parent.

In 1901 Mrs. Craighead, a childless widow, adopted her cousin, Dan Buntin, by regular adoption proceedings in the county court of Davidson county, Tenn. Buntin died in 1922, leaving his wife and two children surviving him. Mrs. Craighead died intestate in 1924. The question is, Do the two children of Dan Buntin inherit the estate of Mrs. Craighead as heirs and next of kin?

Section 5411 of Shannon's Annotated Code provides as follows: "The effect of such adoption, unless especially restrained by the decree [of adoption], is to confer upon the person adopted, all the privileges of a legitimate child, to the applicant, with capacity to inherit and succeed to the real and personal estate of such applicant, as heir and next of kin; but it gives to the person seeking the adoption no mutual rights of inheritance and succession, nor any interest whatever in the estate of the person adopted."

The purpose of the statute was well stated by the chancellor as follows:

"Manifestly, under the statute, as between the person adopting and the child adopted, the adopted child has all the rights of a natural child of the adopter. No broader language could be employed than that the child adopted shall have 'all' the privileges of a legitimate child of the applicant, with capacity to inherit and succeed to the real and personal estate of such applicant, as heir and next of kin. It would be difficult to make inheritable rights plainer or stronger by language. . . .

"The manifest intention of our adoption statutes was to make the relation between the adopting parent and the adopted child precisely what it would have been had there been a lawful and natural relation of parent and child; and, while the statute must be strictly construed, its purpose cannot be destroyed by subtle and refined reasoning."

The statutes of adoption and of descent and distribution must be read together. *Helms* v. *Elliott,* 89 Tenn., 446, 14 S. W., 930, 10 L. R. A., 535; *Finley* v. *Brown,* 122 Tenn., 332, 123 S. W., 359, 25 L. R. A. (N. S.), 1285; *Redmond* v. *Wardrep,* 149 Tenn., 35, 257 S. W., 394; *Power* v. *Hafley,* 85 Ky., 671, 4 S. W., 683; *Scott* v. *Scott* (D. C.), 247 F. R., 976 (Idaho); *In re Walworth,* 85 Vt., 322, 82 A., 7, 37 L. R. A. (N. S.), 849, Ann. Cas., 1914C, 1223.

It will be observed that the effect of such adoption is to confer upon the person adopted all the privileges of a legitimate child.

One of the privileges of a legitimate child is to inherit the land and share in the distribution of the personal estate of his parent, and, where he predeceases his parent,

to be succeeded in the inheritance and distribution of the estate by his children. Sections 4163 and 4172 of Shannon's Annotated Code.

The adopted child is given the legal *status* of a legitimate natural child.

It follows that the children of the adopted child take the interest in the estate which their parent would have taken had he survived the adoptive parent.

This construction was given effect in *Redmond* v. *Wardrep*, 149 Tenn., 35, 257 S. W., 394. In that case Phyntia J. Redmond adopted Ragan Redmond, and subsequently died intestate. R. T. Wardrep, a brother of the decedent, was appointed administrator the same day the intestate died. Shortly thereafter Ragan Redmond, the adopted son, applied to the county court to remove the brother, R. T. Wardrep, and for himself to be appointed administrator in his place and stead; claiming that by virtue of his adoption he had the prior right to administer upon the estate.

The contention of Mr. Wardrep was that an adopted son is not "the next of kin;" that "next of kin" means "blood relationship;" and that, while an adopted son inherits and succeeds to the estate "as an heir and next of kin, he is not thereby given the full *status* of a 'next of kin;' " and that he is given only capacity to inherit and succeed to the estate as an heir and next of kin. But the court, after quoting section 5411 of Shannon's Annotated Code, said:

"It will be observed that the statute expressly confers upon the person adopted all the privileges of a legisimate child to the applicant.' One of the privileges of a legitimate child is the right to administer upon the es-

tate of his father or mother, and we are of opinion that this privilege passes, under the express terms of the statute, to the adopted son in this instance. The right to administer is in no way controlled by the relative interests in the estate as between those who are contesting this right, and the discussion of this issue is therefore not pertinent.''

In 1 Corpus Juris, 1402, it is said: ''The heirs of an adopted child will inherit through him a share of the estate of a deceased adoptive parent just as if such adopted child were a child by blood of such parent.''

A very recent case applying the rule is *Wilcox et al.* v. *Sams et al.*, 213 Ky., 696, 281 S. W., 832.

The Kentucky adoption statute is as follows: ''Any person . . . may by petition filed in the circuit court, . . . state, in substance, that he is desirous of adopting a person, and making him capable of inheriting as heir at law of such petitioner; and said court shall have authority to make an order declaring such person heir at law of such petitioner, and as such, capable of inheriting as though such person were the child of such petitioner.'' Ky. St., section 2071.

Many cases supporting the rule have been collected by the annotator in 15 A. L. R., 1265.

The authorities are practically harmonious upon the question.

In our opinion, the construction which we have given the statute expresses the legislative intent, as well as the purpose and desire of adoptive parents.

The chancellor held that the children of Dan Buntin inherited the estate of Mrs. Craighead, and his decree will be affirmed, with costs.