## McAlhany *v.* Allen.

Bell, Presiding Justice. 1. Where a husband and his wife were divorced by a decree in the State of Florida, and as a part of the decree the custody of their infant son was awarded, with the consent of the husband, to the wife, and where in subsequent litigation in the State of Georgia, between the father and another person who claims to have adopted the child with the-consent of the mother after such decree, no statute of the State of Florida is pleaded, the question as to the effect of such award of custody on the rights of the father must be determined by the law of the forum. *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (7 S. E. 2d, 737); *Alropa Corporation* v. *Pomerance,* 190 *Ga.* 1 (1-*d*) (8 S. E. 2d, 62); *Pink* v. *A. A. A. Highway Express Inc.,* 191 *Ga.* 502 (13 S. E. 2d, 337, 137 A. L. R. 934).

2. Under the Georgia law, such a decree awarding custody of the child to the mother, but not purporting to sever the parental relation between the child and his father or to determine other rights as between them, would relate only to custody, and would not prevent the father from asserting his natural parental authority in case of a change of circumstances affecting the child's interest. *Woodland* v. *Woodland,* 153 *Ga.* 202 (111 S. E. 673); *Glendinning* v. *McComas,* 188 *Ga.* 345 (3 S. E. 2d, 562). See State ex rel. Airston *v.* Bollinger, 88 Fla. 123 (101 So. 282); Mooty *v.* Mooty, 131 Fla. 151 (179 So. 155); Mehaffey *v.* Mehaffey, 143 Fla. 157 (196 So. 416).

3. Where, after the decree awarding custody to the mother, she and his father were reunited in lawful marriage, the parental rights of the father would be restored, and he would be entitled to claim the custody to the same extent as if no divorce had ever been granted, provided no other legal obstacle appeared. *Glendinning* v. *McComas,* supra; *Chapin* v. *Cummings,* 191 *Ga.* 408 (12 S. E. 2d, 312).

4. Where, during the interim between such divorce and remarriage, the mother consented in the State of Tennessee for other persons to adopt the child in accordance with the laws of Tennessee, and the child was adopted accordingly through a decree of a court of competent jurisdiction of that State, the full faith and credit clause of the Federal constitution would not require that such decree of adoption be given effect in this State as against the father, where he was not made a party in the adoption case, and was not served, and did not appear and plead or otherwise waive service, or consent to such adoption. *Brandon* v. *Brandon,* 154 *Ga.* 661 (4) (115 S. E. 115); Old Wayne Mutual Life Association *v.* McDonough, 204 U. S. 8 (27 Sup. Ct. 236, 51 L. ed. 345); Bagley *v.* General Fire Extinguisher Co., 212 U. S. 477 (29 Sup. Ct. 341, 53 L. ed. 605).

5. Where at the time of such adoption proceedings in Tennessee the father was a resident of Florida, and was not made a party in such case, and had no other connection therewith, except that, after the case had been assigned for trial on a certain day, the judge continued it for five days, and instructed the clerk of the court to notify the father in Florida, by registered return mail, that the cause was assigned for final hearing on the later date specified, such notice, though received by the father, did not have the effect of making him a party, or constitute legal service within the due-process clause of the Federal constitution; and on these facts, without more, the parental rights of the father with respect to the child would not be affected by the adoption decree.

"(a) A judgment of another State without jurisdiction may be collaterally attacked.

"(b) The authority of a court to issue and serve process is restricted to the territory where issued, and the court has no power to require persons not within such territory to appear." *Milner* v. *Gatlin,* 139 *Ga.* 109 (2-a, b) (76 S. E. 860). See *Brandon* v. *Brandon,* supra; *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855); *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d, 573); notes in U. S. C. A., part 2, pp. 356-357.

6. Where after such adoption decree the adoptive mother brought the child into this State, and the natural father also came into this State and instituted habeas corpus against such adoptive mother for recovery of the child, as to which his right of custody had been restored by his remarriage with the mother, and where the other facts were shown to be as indicated in the preceding notes, he was entitled to prevail as against the sole contention of the respondent that the decree of adoption as rendered in Tennessee should be given effect in this State under the full faith and credit clause of the Federal constitution.

7. Under the preceding rulings as applied to the pleadings and the evidence in the habeas-corpus case, the judge did not err in awarding custody of the child to the natural father as against the adoptive mother.

8. Under the facts of the case, it is unnecessary to determine what effect, if any, should have been given to such judgment of adoption, as to the father, if he had been made a party in the cause but had not consented to the adoption; and since neither the natural mother nor the adoptive father was a party to such habeas-corpus case, no ruling can properly be made and none will be made as to the effect of such adoption judgment upon the rights of the mother with respect to whether it was obtained through fraud in relation to jurisdiction, or otherwise. See *Durden* v. *Durden,* 184 *Ga.* 421 (191 S. E. 455); *Barnett* v. *Barnett,* 191 *Ga.* 501 (13 S. E. 2d, 19); *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173); In re Knott, 138 Tenn. 349 (197 S. W. 1097); Redmond v. Wardrep, 149 Tenn. 35 (257 S. W. 394); Carnes *v.* Henderson, 10 Tenn. App. 166; Magevney *v.* Karsch, 167 Tenn. 32 (65 S. W. 2d, 562, 92 A. L. R. 343). *Judgment affirmed. All the Justices concur.*

No. 14307. December 3, 1942.

*Hester & Clark,* for plaintiff in error.    *Ernest J. Haar,* contra.