## LOCKARD v. LOCKARD.

Common Pleas Court, Geauga County.

No. 10917.   Decided September 18, 1951.

Earl C. Petterson, Painesville, for intervenor.
Willard Barry, Cleveland, for plaintiff.

## OPINION

By THOMAS, J.

Edward William Stubbe is the natural father of Edward William Lockard, a minor child.

He moves to intervene and to modify the order which gave custody of this child to Joseph H. Lockard, the adoptive father of the child, as part of a decree of divorce from Margaret Lockard, who is the mother of the child and the former wife of Edward William Stubbe.

After her divorce from Edward William Stubbe in the Common Pleas Court of Cuyahoga County, which court presumably gave her custody of the child, she married Joseph Lockard.

Joseph Lockard subsequently adopted the child in the Probate Court of Lake County.

In April of this year he was granted a divorce from Margaret Lockard. With reference to this child, Edward William Lockard, and to a second child (born of the marriage), Joseph Lockard, the plaintiff, was given sole custody, the defendant having been found to be ·"an unfit person to have custody of the two minor children of the parties."

The motion to intervene and to modify was called for hearing on September 6, 1951. At the commencement of the hearing counsel for the plaintiff produced proof that the plaintiff and the defendant were remarried the day before, viz., September 5, 1951. Because of this remarriage the further jurisdiction of this court over the custody of the child has been challenged by the plaintiff.

Where a decree of divorce makes provision for the custody, care, control, and support of minor children of divorced parents, during their minority, or during a less period named in the decree, the jurisdiction of the court over custody continues during such period, even though there is no express reservation of jurisdiction in the decree. **Corbett v. Corbett, 123 Oh St 76,** 174 N. E. 10.

The need to continue the jurisdiction is essential in view of the express provision of §8005-3 GC giving parents living separate and apart equal rights to custody insofar as parenthood is involved. "When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

With parents living separately their individual claims of custody must be reconciled. The welfare of the children requires the court to regulate their custody in their best interests.

But if the parties remarry they no longer have separate rights of custody which require supervision by the court. Instead there is a resumption of the same joint right to custody which antedated the separation and the divorce.

With the parties reunited in marriage, and with their several rights of custody remerged into one common right of custody, the basis for the court's further jurisdiction ceases.

It is generally the law that remarriage of the parents terminates a divorce court's jurisdiction over the parties and their minor children. Thus it is said in Nelson Divorce and Annulment, 2nd Edition 15.40 that "* * * if the divorced parents of minor children are reunited in lawful marriage to each other, the parental rights of each parent are restored the same as if no divorce had ever been granted, even though the custody of the children was awarded to one of the parents by the divorce decree." Citing McAlhany v. Allen, 195 Ga. 150, 23 S. E. 2d 676.

And similarly see 27 C. J. S., Divorce, §323, page 1253, 17 Amer. Jur. 527, and McDaniel v. Thompson, Tex. Civ. App., 195 S. W. 2d 202.

Moreover the previous finding of this court that the defendant was an unfit person to have custody of the minor children, cannot prolong the jurisdiction of this court beyond remarriage. A finding of unfitness may be superseded by changed and improved conduct. Here from the remarriage it must be presumed that the plaintiff has concluded that his wife has reformed and that she is no longer an unfit custodian for his children.

Nor does a denial of further jurisdiction in this matter set the child adrift without protection should either or both of these reunited parents neglect the child. Should that situation arise, as in any other case of serious parental neglect, the Juvenile Court is vested with ample power to rescue the child.

For the foregoing reasons it is found that the remarriage of the parties ends this court's jurisdiction over the custody of the two minor children of these parties.

The motion to intervene and to modify is therefore denied.