TERRELL, Justice.
This appeal is from a final decree dismissing the following: (1) the bill of complaint, (2) answer and cross-bill of defendant and (3) a lis pendens filed November 12, 1951, describing certain lands in Duval County. The bill of complaint prayed for “annullment or confirmation of marriage” between appellant and appellee and the adoption o,f a minor child by appellant. The cross-bill prays that cross-complainant be decreed to be the common-law wife of plaintiff and that he be required to convey to her an undivided one-half interest by the entirety in the property described in the lis pendens.
Evidence was taken on the issues made by the pleadings and the chancellor found that the plaintiff swore falsely and was unworthy of belief, that his testimony in this case was entirely at variance with his testimony affecting the birth of the minor child, given in a former case, that his alleged common-law marriage and adoption of said minor child were not proven as required by law, that both the plaintiff and his alleged common-law wife are wholly unfit to be the adoptive parents of said child because of his cohabitation with various and sundry alleged common-law wives, including appellant; that the pleadings and testimony in this and the previous case, being case No. 75812-E, are contradictory and without merit and leave the Court with the conviction that the cause should be dismissed. Order of dismissal'was accordingly entered and this appeal was prosecuted.
Appellant rests her appeal on two points: (1) The ¡Court erred ■ in dismissing the cause. (2) The Court erred in not allowing defendant an extension of time for taking deposition de bene esse, account of newly discovered evidence.
The second point was a matter wholly in the discretion of the chancellor and in the record we find no error. In support of her first point appellant appears to be somewhat confused. She plants her contention primarily on the moral depravity of appellee. It is charged that his business is illicit relations with numerous common-law wives, the record revealing appellant to be one of them. The product of these alleged common-law unions was various and sundry “woodscolts” as they were denominated by the log-cabin aristocracy of pioneer days, but were given the more euphonious title of “bastards” by the drawing room aristocracy of such early craftsmen. of the law as Coke, Bacon, Blackston and Kent.
The chancellor found that appellant was married to another man from whom she had not been divorced, consequently there was no basis on which a common-law marital status could be predicated. He also found that she had contributed nothing to the cost of the land in question, that it was paid for by appellee and that having-been living in adultery neither of them were fit persons to be awarded custody of the child.
 It would be as trite to announce that moral considerations play no part in *604 the disposition of a lawsuit as it would to announce that the courts’ judgment is bounded by the issues made .in pleadings. In this case we are concerned with an adoption, an alleged common-law marriage and a claim to an interest.in realty. The chancellor found against the claimant on-each point raised and in law and morals the record supports his finding. There was in law no basis for a common-law marriage, having paid nothing on the property there was no support for appellant’s claim to that, and there was no support in law or morals for the adoption. There may have been ample reason for moral -rearmament on the part of both parties but this is not the forum to urge that.
The decree appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C. J., and MATHEWS and SEBRING, JJ., concur.