## 19629. WARREN v. WARREN.

Mobley, Justice. On June 16, 1955, in Muscogee Superior Court, Jo Ann Chandler Warren was divorced from Ernest W. Warren, custody of their minor child being awarded to the mother. On July 30, 1955, the Superior Court of Muscogee County entered an order modifying the divorce decree to allow Mr. Warren to visit the child at stated times. Subsequently, the parties remarried. On February 6, 1956, Mrs. Warren was awarded a second divorce from Ernest Warren and was given the right to remarry. The decree of February 6, 1956, provided: "Permanent custody of the minor child of the parties, Michael Keith Warren, is awarded plaintiff Jo Ann Chandler Warren. Defendant shall have the right to visit said child at times in accordance with the previous decree of this court." Thereafter, Jo Ann Chandler Warren married again and, with her new husband, moved to Kansas where she made her home. The instant case arose when Ernest Warren sued out an attachment for contempt against his former wife, alleging that she had failed and refused to comply with the order of July 30, 1955, which had modified the first divorce decree of June 16, 1955, so as to allow him to visit his child. The citation was served on the defendant, and, on October 6, 1956, after denying her oral motion to dismiss the petition, the trial court held her in contempt of the order of July 30, 1955, and awarded custody of the child to ' the plaintiff, Ernest Warren. To this judgment the defendant excepts. *Held:*

Following the decree of July 30, 1955, which provided for visitation rights by the plaintiff, the parties remarried. The remarriage of the parties nullified the decree of July 30, 1955, and restored the parental rights of the parties to the same extent as if no divorce had ever been granted. *McAlhany v. Allen,* 195 *Ga.* 150 (3) (23 S. E. 2d 676) ; 17 Am. Jur. 527, § 691. Consequently, the defendant could not be held in contempt for failing to comply with the decree of July 30, 1955, which, following the parties' remarriage, was of no legal effect. While the second divorce decree, entered on February 6, 1956, provided that the plaintiff should have the right to visit the child at times in accordance with the previous decree of the court, the instant petition does not seek to enforce this second decree, nor does it even refer thereto, but expressly alleges a

failure to comply with the decree of July 30, 1955, and the trial court held that the defendant was in contempt for failing to comply with that decree. Since that decree was a nullity, the defendant could not be in contempt of court for failing to comply therewith. *Campbell* v. *Gormley*, 185 *Ga.* 65, 66 (1) (194 S. E. 177). We do not intimate that the defendant is guilty of failing to comply with the decree of February 6, 1956, which adopted by reference the provisions of a prior decree that had become a nullity because of the remarriage of the parties. That question is not now before the court. In its order, the trial court awarded custody of the minor child to the plaintiff. Such an award was erroneous. Permanent custody of the child had been previously awarded to the defendant. This was solely a proceeding for contempt, and the question of custody of the child was not before the court. See *Perry* v. *Perry*, 212 *Ga.* 668 (95 S. E. 2d 2). The order holding the defendant in contempt of court for a violation of the order of July 30, 1955, and awarding custody of the minor child to the plaintiff was erroneous, and is therefore

*Reversed. All the Justices concur.*

Argued February 11, 1957—Decided March 11, 1957.

*Jack M. Thornton,* for plaintiff in error.
*Ralph M. Holleman,* contra.