451 P.2d 325

**Billie D. DEPPER, Appellant,**

**v.**

**Mattie L. DEPPER, Appellee.**

**No. 2 CA–CIV 571.**

Court of Appeals of Arizona.

March 4, 1969.

**246**

Garven W. Videen, Tucson, for appellant.

Herbert E. Williams, Tucson, for appellee.

KRUCKER, Judge.

The question presented for determination of this appeal by this court is: Did the Arizona court have continuing jurisdiction in the original divorce action to make an order respecting the custody of the minor child, Brenda?

The undisputed facts surrounding this appeal are brief and somewhat interesting.

Appellee, Mattie L. Depper, filed action for a divorce against the appellant, Billie D. Depper, in the Superior Court of Pima County, Arizona, in action No. 74782, on August 7, 1962. A decree of divorce was entered on November 9, 1962.

On December 13, 1962, Billie married one Lucille, and they are at this time husband and wife.

Mattie moved to the state of Florida in August, 1963, and through some power of persuasion, induced Billie to again marry her, the ceremony being performed in the state of Georgia in December of 1963. Billie was, at the time, and still is, married to Lucille.

In the year 1966, appellee, Mattie Depper, filed action against Billie Depper for a divorce in the Circuit Court, Third Judicial Circuit, in and for the County of Columbia, Florida, action No. 6892. This decree of the Florida court was amended by court orders dated January 12, 1967, January 27, 1967, and June 27, 1967. The amendments concerned custody of the children, giving Billie custody of the two minor children, Frederick Dean and Edward Carl Depper. It ordered that custody of the minor child, Brenda Alta Depper, remain with the mother, Mattie L. Depper, with visitation privileges vested in Billie for the summer months of each year from June 15 to August 15.

There is no dispute as to custody of the two boys, Frederick and Edward. Billie had custody of Brenda in Tucson, Arizona, for the summer months of 1967, and the child was enrolled in school as he did not return her to Florida at the end of the summer.

Mattie came to Tucson for the purpose of taking custody of the child, Brenda. Billie filed in the Superior Court of Pima County, in action No. 74782, a petition for a restraining order and an order modifying the decree to obtain custody of Brenda. Mattie filed a motion to quash this petition on the grounds that the Arizona court had no jurisdiction to enter the restraining order and order to show cause for the reason that the Florida court had jurisdiction over the subject matter by virtue of the Florida decree and subsequent orders modifying that decree.

Hearing was held on December 15, 1967, and the court granted Mattie's motion to quash the petition. The order was entered December 29, 1967. From this order, Billie takes this appeal.

One additional fact that should be mentioned is that Billie Depper did spend some time in Florida and moved into the same household with Mattie L. Depper. At this same time, he had his wife, Lucille, with him and did not live wtih Mattie as husband and wife. Mattie and Billie did purchase real property in Florida as husband and wife.

The order of the trial court which granted appellee's motion to quash was based upon a finding that the decree of the Arizona court entered in cause No. 74782, and dated November 9, 1962, had been terminated by the remarriage of appellant and appellee which was performed in Georgia in 1963. The Arizona decree having terminated, the trial court found that the continuing jurisdiction of the Arizona court[1] had expired. The trial court gave full faith and credit to the finding of the Florida Court in its decree of July 1, 1966, that the relation of husband and wife then existed between appellant and appellee. On the foregoing bases, the trial court determined that Pima County Superior Court cause No. 74782 had terminated, and that therefore, it had no jurisdiction to entertain the petition to modify the decree.

■ Although no case from our Supreme Court has so held, nor do any of our statutes so provide, it appears to be a sound rule of law that a remarriage entered into between the parties to an earlier divorce operates to determine the continuing jurisdiction of the court in which the prior divorce was granted, both as to the proprietary interests of the parties and as to the custody and support of the minor children, if any. Lockard v. Lockard, Ohio Com.Pl., 102 N.E.2d 747, 63 Ohio Law Abst. 549 (1951); McDaniel v. Thompson, 195 S.W.2d 202 (Tex.Civ.App.1946); Jenkins v. Followell, 262 P.2d 880 (Okl.1953); 27B C.J.S. Divorce § 323 h, at 730.

However, before the above-stated proposition may be applied, there must be a remarriage between the parties to the divorce, and we construe the term "remarriage", in this context, to mean a valid and operative reunification of the parties as husband and wife.

Our first consideration shall be limited to the effects of the 1963 Georgia marriage between appellant and appellee, demonstrated by the record to be bigamous.

■ An interesting choice of law problem might have arisen in this appeal concerning the effects of the remarriage in Georgia were it not for the fact that in the three jurisdictions having any nexus with that marriage, the rule of law to be chosen is substantially the same. The law in each jurisdiction provides that where two individuals enter into a marriage, and where one of them, or both, has a spouse then living and from whom no divorce has been obtained, then the subsequent marriage is void, a nullity. In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966); Porter v. La Fe, 68 So.2d 602 (Fla.1953); Kicklighter v. Kicklighter, 217 Ga. 54, 121 S.E.2d 122 (1961).

We hold that the Georgia marriage between appellant and appellee was a nullity, and, therefore, it could not by itself operate to determine the continuing jurisdiction of the Arizona court under its decree in Pima County cause No. 74782.

■ We shall next consider the effect to be given to the Florida decree of July 1, 1966, purporting to grant a divorce to these parties, and awarding custody of the minor children involved. That decree specifically found that "the relation of

1. A.R.S. § 25–321, 9 A.R.S. provides as follows:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require." A.R.S. § 25–321, at 76.

husband and wife" existed between the parties on that date, and it is the position of appellee that this finding is res judicata and entitled to full faith and credit in the Arizona court. The fact of the status of husband and wife between these parties having been judicially established as of July 1, 1966, appellee contends that this should operate to terminate the continuing jurisdiction of the Arizona court under its original decree in Pima County cause No. 74782.

That a valid foreign decree entered in a divorce action is entitled to full faith and credit, and that facts established in that decree, the time for appeal of which has expired, are res judicata, are clearly the law in Arizona. Trujillo v. Trujillo, 75 Ariz. 146, 252 P.2d 1071 (1953). However, the question presented in this appeal is not one concerning the proprietary interests of the parties to the foreign judgment; instead, this dispute centers around the custody and welfare of a minor child and the power of the State of Arizona to entertain a petition in this regard. It may well be that appellant, in pursuing or prosecuting some interest of his own, would be estopped to deny the finding in the Florida decree that on July 1, 1966, he and appellee were husband and wife.

" * * * But those not parties to a litigation ought not to be foreclosed by the interested actions of others; especially not a State which is concerned with the vindication of its own social policy and has no means, certainly no effective means, to protect that interest against the selfish action of those outside its borders. The State of domiciliary origin should not be bound by an unfounded, even if not collusive, recital in the record of a court of another State. * * *" Williams v. State of North Carolina, 325 U.S. 226, 230, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577, 1582 (1945).

In the Florida proceeding, neither the State of Arizona nor the minor child here involved were "parties" in the sense that they would be foreclosed by that decree from relitigating the marital status of the parties, appellant and appellee, in a subsequent proceeding. Consequently, we hold that the continuing jurisdiction of the Arizona court under its decree in Pima County Superior Court cause No. 74782 will not be extinguished where it appears from the record that a valid remarriage between appellant and appellee had not occurred in fact. While appellee testified that she was unaware that appellant already had a wife at the time that the Georgia marriage ceremony was performed, there is no evidence in the record to demonstrate that appellant was not then married. Evidence demonstrating that appellant was already married at that time is in great abundance, and the trial court's conclusion that its jurisdiction was terminated by reason of the Georgia "remarriage" was clearly erroneous.

■ Regarding the custody provisions of the Florida decree, and the amendments thereto, it is the law in this State that such provisions in a foreign decree are to be given full faith and credit "as to the right of the custody of a child at the time and under the circumstances of its rendition." In re Guardianship of Rodgers, 100 Ariz. 269, 413 P.2d 744 (1966). *Rodgers* made it clear that while a valid foreign decree was determinative of the right to custody as of the time of its rendition, such a decree would be binding and final only to the same extent that it would be binding in the state in which it was rendered, citing Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958). We assume that the provisions in the Florida decree are valid, but this fact in no way should operate to prevent the Arizona Court from making a more current determination concerning the custody of the child, Brenda. In re Guardianship of Rodgers, supra.

The order of the trial court granting appellee's motion to quash appellant's petition

was erroneous; the order shall be reversed and the cause is hereby remanded for a determination on the merits of the petition.

MOLLOY, C. J., and HATHAWAY, J., concur.