## 26872.   VICKERS v. VICKERS.

SUBMITTED DECEMBER 14, 1971—DECIDED JANUARY 6, 1972—REHEARING DENIED JANUARY 19, 1972.

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant.

*Rich, Bass, Kidd & Broome, Robert K. Broome, E. Dale Dewberry,* for appellee.

NICHOLS, Justice. 1. The allegations of paragraph 5 of the plaintiff's complaint quoted above contained sufficient allegations of a subsequent common law marriage to withstand the defendant's motion to dismiss. As to elements of a common law marriage and a thorough discussion of the necessity of an intent to be "presently wed" and not to "wed in the future," see *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608).

2. The defense of estoppel by judgment is based upon an adjudication by the Superior Court of Fulton County granting custody of the children to the defendant. A transcript of

the hearing, as well as the defendant's pleadings and the judgment in such habeas corpus hearing, was attached as an exhibit in support of this defense.

The habeas corpus petition was grounded upon the mother's right to custody of the children under the original divorce decree. The sole contention made at such hearing by the father was a lack of jurisdiction of the court to hear the issue unless the mother introduced evidence that he had possession of the children in Fulton County when the process in the habeas corpus case was served upon him. No evidence was introduced at such hearing and no issue made as to the second marriage between the parties. While the divorce decree granting custody of the children to the mother would be nullified by her remarriage to the children's father (*McAlhany v. Allen,* 195 Ga. 150 (3) (23 SE2d 676); *Warren v. Warren,* 213 Ga. 81 (97 SE2d 349)), yet such remarriage, if proved, would not have required a judgment giving custody of the children to the father, and at most such judgment would be res judicata only as of the date of such habeas corpus hearing and would not preclude the court in another county from making a different adjudication as to such custody upon the hearing in the divorce proceeding. Compare *Ponder v. Ponder,* 198 Ga. 781 (2) (32 SE2d 801). It was not error to overrule the wife's motion to dismiss based upon estoppel by judgment.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

GUNTER, Justice, dissenting. The doctrine of estoppel by judgment precludes a party from asserting that he is married by common law contract to another party, such contract having allegedly been entered into after their divorce, when the latter has successfully established her divorce from him and her right to custody of children in a prior habeas corpus action wherein the judgment rendered in her favor has become final.

The plaintiff-appellee in this case, hereinafter referred to as Mr. Vickers, and the defendant-appellant, hereinafter referred to as Patricia Vickers, were married by a ceremo-

nial marriage in 1960 and lived together as husband and wife until 1970 when they were divorced by court decree. Two children were born of this marriage, and the divorce decree awarded custody of them to Patricia Vickers.

On July 21, 1971, Patricia Vickers filed a habeas corpus action in Fulton Superior Court against Mr. Vickers seeking recovery of possession of the two children alleged to be illegally possessed and restrained by Mr. Vickers. The complaint in this action alleged that custody of the two children was in Patricia Vickers pursuant to the divorce decree and further alleged that "she has not, at any time, by contract or otherwise, released her rights to custody and control of the children."

On July 22, 1971, Mr. Vickers filed his complaint for divorce and custody of the two children against Patricia Vickers in the Superior Court of DeKalb County, the residence of Patricia Vickers. This complaint alleged the 1960 marriage and the 1970 divorce between the parties, and it further alleged a common-law marriage between the parties subsequent to the divorce, contending that this common law marriage had nullified the former divorce decree and award of custody.

Responding to this divorce and custody complaint, Patricia Vickers filed (1) a motion to dismiss, (2) a motion for judgment on the pleadings based on estoppel by the judgment in the habeas corpus action in Fulton Superior Court rendered in favor of Patricia Vickers on July 28, 1971, and (3) an answer denying the existence of a marriage between the parties.

On September 23, 1971, the DeKalb Superior Court entered a judgment overruling Patricia Vickers' motion to dismiss and denying her motion for judgment on the pleadings based on estoppel by judgment.

The trial judge properly certified this judgment entered September 23, 1971, for immediate review.

The issue to be decided here is whether the trial judge was correct in overruling and denying the two defenses asserted by Patricia Vickers.

I conclude that the trial judge was correct in overruling the motion to dismiss, but that error was committed in not sustaining the motion for judgment on the pleadings based on estoppel by judgment. For the reasons hereinafter stated, relating to this second defense, the judgment appealed from should have been reversed.

The habeas corpus complaint filed in Fulton Superior Court one day before the divorce complaint filed in DeKalb Superior Court was heard and determined first. The habeas corpus complaint alleged the 1970 divorce between the parties, alleged that custody of the children was in Patricia Vickers pursuant to the divorce decree, and further alleged that Patricia Vickers had not relinquished custody of the children "by contract or otherwise." These allegations were supported by evidence in the record, and they were not refuted or contested by Mr. Vickers. Mr. Vickers admitted possession of the two children.

The habeas corpus record discloses that the trial judge stated to Mr. Vickers' counsel that Patricia Vickers had made out a prima facie case, and "it's up to you to refute or do whatever you want to with it; that's the simple fact of the matter." Mr. Vickers' counsel replied, "We have nothing in response." The trial judge then entered judgment for Patricia Vickers dated July 28, 1971, which became final.

It is rather plain to me that Mr. Vickers is estopped by the July 28th judgment in Fulton Superior Court to thereafter contend in the case in DeKalb County that he and Patricia Vickers are married by common law contract and that such marriage has rendered null and void the divorce decree of 1970 which awarded custody to Patricia Vickers.

Under the doctrine of estoppel by judgment a party in a second suit may be concluded from asserting one or more facts which were actually decided in a former suit, though the two suits be for different causes of action. *Powell v. Powell*, 200 Ga. 379 (2) (37 SE2d 191).

Three facts put in issue in the habeas corpus case were (1) divorce between the parties by court decree, (2) custody of the children in Patricia Vickers pursuant to the divorce

decree, and (3) Patricia Vickers had not relinquished custody by contract or otherwise.

These three issues were not refuted and were decided adversely to Mr. Vickers by Fulton Superior Court. They cannot now be asserted by him in an action for divorce and custody in the Superior Court of DeKalb County.

Patricia Vickers' motion for judgment on the pleadings should have been sustained by the trial judge.

I respectfully dissent.