26881. VICKERS v. VICKERS.

Submitted December 14, 1971—Decided January 6, 1972.

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant.

*Rich, Bass, Kidd & Broome, Robert K. Broome, E. Dale Dewberry,* for appellee.

NICHOLS, Justice. 1. As shown by the defenses filed by Mrs. Vickers in the divorce action pending in the Superior Court of DeKalb County, a dispute exists as to whether a common law marriage exists between these parties. The evidence adduced upon the contempt hearing showed without dispute that after the original divorce decree was rendered the parties have in fact cohabited, and that both parties had inflicted physical injuries upon the other during such renewed cohabitation. There was evidence adduced that Mr. Vickers had contributed more support than required by the original divorce decree, if such renewed cohabitation was not a common law marriage. If a common law marriage existed, then, under the decisions in *McAlhany v. Allen,* 195 Ga. 150 (3) (23 SE2d 676), and *Warren v. Warren,* 213 Ga. 81 (97 SE2d 349), his right to custody of the children was the same as if no divorce had originally been granted and the charge with reference to his conduct with regard to such custody would be without merit.

On the contrary, if no common law marriage existed, it must, under the circumstances, be concluded that such custody was with the consent of Mrs. Vickers.

The last remaining complaint deals with his failure to transfer ownership of certain life insurance policies. The evidence as to this issue showed a requirement of the divorce decree that such transfer be made. However, the evidence disclosed that there was an agreement entered into between the parties prior to such original decree being entered, that the decree did not follow the agreement and that Mr. Vickers had never seen the decree as rendered. While he was bound by such decree, the trial court was not required, under such circumstances, to find that his failure to transfer such policies was a wilful failure to comply with the original decree so as to require that he be held in comtempt of court.

The judgment of the trial court refusing to hold the respondent in contempt of court shows no reversible error.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*