**Melba Sue SLAPE, Appellant,**

v.

**Lesley Troy SLAPE, Appellee.**

**No. 8776.**

Court of Civil Appeals of Texas, Amarillo.

May 23, 1977.

Herbert C. Martin, Amarillo, for appellant.

Stokes, Carnahan & Fields, Gary W. Barnard, Amarillo, for appellee.

REYNOLDS, Justice.

In this habeas corpus proceeding, the trial court compelled the return of minor children to their father because he had been appointed managing conservator in the court's prior order. Because the mother challenged the efficacy of the prior court order and the court refused to hear evidence on the issue, we reverse and remand.

Dissolving the bonds of matrimony between Lesley Troy Slape and Melba Sue Slape, the parents of two minor children, the trial court appointed Lesley, the father, their managing conservator, "subject to reasonable visitation" by their mother, Melba Sue. Thereafter, the children came into possession of Melba Sue and, by proceedings he initiated in the trial court, Lesley sought to regain their possession by writ of habeas corpus. Upon being served, Melba Sue responded by pleading a common law marriage by the parties after their divorce and that the best interests of the children required they be left in her care, custody and control.

At the hearing, the divorce decree containing the managing conservatorship provision was received in evidence. The court refused to hear evidence offered by Melba Sue in support of her pleadings and ordered that the children be delivered to Lesley. Developing her evidence bearing on the common law marriage and the best interest of the children by a bill of exception, Melba Sue has appealed.

Neither the decree of divorce nor its conservatorship provision has been set aside through judicial proceedings and, so far as the record reveals, no other action affecting the parent-child relationship is pending. Melba Sue's bill of exception contains evidence which, if believed, would support findings that after their divorce the parties entered into a common law marriage, and that Melba Sue's possession of the children would serve their best interests.

In compelling the return of the children to Lesley, the trial court relied on Section 14.10(a) of the Texas Family Code (1975). As amended in 1975, Section 14.10 now reads:

§ 14.10. Habeas Corpus.

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or

access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) While in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

(f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this chapter, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code.

Clearly, in a habeas corpus proceeding to establish the right to possession of a child, Subsections (a), (b) and (c) become operative only if the right to possession is *presently governed by a court order* and the court finds that the relator is *presently entitled* to possession *by virtue of the court order*; otherwise, Subsections (e) and (f) become applicable to the proceedings. *Accord, Standley v. Stewart*, 539 S.W.2d 882,

883 (Tex.1976), where the Supreme Court said that, by enacting Section 14.10.

. . . The Legislature intended to demand obedience to *existing* court orders and to compel that obedience by habeas corpus proceedings. (Emphasis added.)

Equally clear is the Texas law that the remarriage of divorced parties renders ineffective or inoperative the provisions in a divorce decree relating to custody of children, *McDaniel v. Thompson*, 195 S.W.2d 202, 203 (Tex.Civ.App.—San Antonio 1946, writ ref'd), awarded to the father or mother. *Miller v. Powell*, 212 S.W.2d 876, 878 (Tex.Civ.App.—Eastland 1948, writ ref'd n. r. e.). And, under Section 1.91 of the Family Code, a common law marriage may be proved in any judicial, administrative or other proceeding.

Thus, at the time of the hearing in a habeas corpus proceeding to establish the right to possession of a child, the court, in order to ascertain which subsections of Section 14.10 are applicable, must first determine whether there is a valid court order governing the right to possession. Here, however, the trial court, without hearing any evidence thereon, assumed the continuing validity of the conservatorship provision in the divorce decree and refused to hear the evidence offered to show that it became inoperative by reason of the remarriage of the parties. By doing so, the court erred.

The judgment is reversed and the cause is remanded.