### Willis v. Willis
*[Cite as 8 AOA 203]*

*Case No. 609*
*Jackson County, (4th)*
*Decided December 4, 1990*

*Nicolette Dioguardi, 16 West State St., Athens, Ohio, for Appellant.*

*Deborah Douglas Barrington, 41 E. 4th St., Chillicothe, Ohio, for Appellee.*

ABELE, P.J.

This is an appeal from a Jackson County Common Pleas Court judgment awarding custody of the parties' minor children to appellee. The parties were married in 1980 and had two children during the marriage. The parties divorced in 1986 and the court awarded custody of the children to appellant.

In 1987, the couple began living together again in what the court determined constituted a common law marriage. Appellee filed for divorce in 1988. The court granted the divorce and awarded custody of the children to appellee. We affirm.

*ASSIGNMENT OF ERROR I.*
"THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR IN AWARDING CUSTODY OF THE PARTIES' CHILDREN TO APPELLEE BECAUSE SAID DECISION IS CONTRARY TO THE TRIAL EVIDENCE AND BEST INTERESTS OF THE PARTIES' CHILDREN."

Appellant contends the court's custody order is not supported by the evidence in the record. In support of that argument, appellant cites numerous instances in the record in which she claims appellee's testimony is shown to be false.

After a review of the record, we find both parties made numerous claims against the other. The record shows conflicting testimony throughout the course of the hearing. It is the job of the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses. See *Pasqualone v. Pasqualone* (1980), 63 Ohio St. 2d 96.

In *Bechtol v. Bechtol* (1990), 49 Ohio St. 3d 21, the court stated in its syllabus:

"Where a permanent award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by. a reviewing court."

R.C. 3109.04 requires the court to decide to whom the care, custody and control of a minor child shall be awarded. The court must consider all relevant factors, including those listed in R.C. 3109.04.

The trial judge had the opportunity to judge the credibility of the witnesses. Appellee presented competent, credible evidence addressing the factors from R.C. 3109.04 to support his attempt to obtain custody. We will not substitute our judgment for that of the trial court and will not disturb the court's decision a based on the weight of the evidence. Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II.

"THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR IN TREATING THE CUSTODY MATTER AS AN ORIGINAL AWARD OF CUSTODY, WHEN IT SHOULD HAVE BEEN TREATED AS A CHANGE OF CUSTODY PROCEEDING."

Appellant contends that because the court awarded her custody in the previous divorce proceeding, the court should have considered this custody decision as a modification of custody. We disagree.

The court found the necessary requirements were met to find a common law marriage existed. Once the parties were remarried, the prior custody order became ineffective. When the court granted the parties a divorce from their second marriage, the court was required to issue a new custody order pursuant to R.C. 3109.04.

Appellant cites no authority to support her position that the court must consider this custody award as a custody modification. We find no error and we overrule appellant's second assignment of error.

## ASSIGNMENT OF ERROR III.

"THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR IN ALLOWING INTO EVIDENCE OVER APPELLANT'S OBJECTION MATTERS CONCERNING APPELLANT'S BROTHER WHICH WERE IRRELEVANT AND INFLAMMATORY."

Appellant called as a witness an attorney who had represented appellant's brother in a criminal matter. Appellant called this witness to testify about his personal observations of appellant with the children. During cross-examination appellee's counsel asked questions concerning the criminal charges against appellant's brother. Appellant contends that testimony was irrelevant and inflammatory and therefore inadmissible.

We note appellant did not object to the question concerning her brother's criminal record on relevance grounds. Appellant did object to the question but the basis of the objection was attorney-client privilege.

In *State v. Sage* (1987), 31 Ohio St. 3d 173, the court stated at paragraph two of the syllabus:

· "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."

An abuse of discretion involves more than an error in judgment, but rather involves an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *Martin v. Martin* (1985), 18 Ohio St. 3d 292, 295.

We have reviewed the record and do not find the court abused its discretion in its rulings concerning the evidence. We note there was no jury present and therefore a much lower risk of undue prejudice resulting from the testimony. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

STEPHENSON, J., concurs.

HARSHA, J., concurs in both the principal judgment and opinion and the concerring opinion.

STEPHENSON, J., concurring.

I concur in the judgment and opinion of the majority but write separately to address two issues. First, I would note that, in regard to child support, the judgment Entry of Divorce filed below provides that "[u]pon employment of the [d]efendant, *child support shall be determined* by the court." (Emphasis added.) Recently, this court has dismissed several actions for lack of a final appealable order under R.C. 2505.03 because of similar prospective deferments of child support determination. *See e.g. Tismo v. Tismo* (Aug. 27, 1990), Lawrence App. No. 1917, unreported; *In the Matter of Berman* (Sep. 10, 1990), Jackson App. No. 610, unreported. However, the judgment appealed from in the cause *sub judice* is distinguishable from

those in *Tismo* and *Berman* because it also provides that "no support is ordered as of final hearing due to the unemployment of the [d]efendant." Thus, a final determination was made with regard to child support and this court has properly exercised its jurisdiction.

Further, I would note that neither the majority opinion, nor the appellee, has cited any authority in support for their conclusion that the proceeding below was an original determination of custody rather than a modification of custody as argued by appellant in her second assignment of error. Indeed, a review of the case law reveals virtually no guidance on this issue by Ohio courts. However, at least one trial level court has considered this issue and held that the remarriage of the parties ended that court's jurisdiction over the custody of the minor children of those parties. *Lockard v. Lockard* (1951), 63 Ohio Law Abs. 549, 552. In so deciding, the court in *Lockard* reasoned as follows:

"With parents living separately their individual claims of custody must be reconciled. The welfare of the children requires the court to regulate their custody in their best interests.

"But if the parties remarry they no longer have separate rights of custody which require supervision by the court. Instead there is a resumption of the same joint right to custody which antedated the separation and the divorce.

"With the parties reunited in marriage, and with their several rights of custody remerged into one common right of custody, the basis for the court's further *jurisdiction* ceases.

"It is generally the law that remarriage of the parents terminates a divorce court's jurisdiction over the parties and their minor children. Thus it is said in Nelson Divorce and Annulment, 2nd Edition 15.40 that '*** if the divorced parents of minor children are reunited in lawful marriage to each other, the parental rights of each parent are restored the same as if no divorce had ever been granted, even though the custody of the children was awarded to one of the parents by the divorce decree.' Citing *McAlhany v. Allen*, 195 Ga. 150, 23 S.E. 2d 676."

This reasoning is intuitively logical. Moreover, our decision herein is consistent with that reached by the majority of jurisdictions which have considered the issue. *See* Annotation (1983), 26 A.L.R. 4th 325, 327. It makes no difference that the remarriage herein was affected by common law rather than by formal

procedure as the validity of common law marriages have long been recognized in Ohio. *See Nestor v. Nestor* (1984), 15 Ohio St. 3d 143, 145; *Carmichael v. State* (1861), 12 Ohio St. 553 at the syllabus. Thus, I concur in the judgment and opinion of the majority.