In re the MARRIAGE OF Carlos
DORIA, Appellant,

and

Barbara P. Doria, Appellee.

No. 92CA1170.

Colorado Court of Appeals,
Div. III.

May 6, 1993.

Wayne E. Robinson, Aurora, for appellant.

No appearance for appellee.

Opinion by Judge CRISWELL.

In this action for dissolution of the second marriage between Carlos Doria (father) and Barbara P. Doria (mother), father appeals the permanent orders concerning maintenance, child support, and custody. We affirm in part and reverse in part, and remand for further proceedings.

During the parties' first marriage they had two children. That marriage was dissolved in Massachusetts in May 1988. Mother received sole custody of the children, and father was ordered to pay child support, alimony, and an arrearage.

The family resumed living together in September 1988 and moved to Colorado in December 1989. In June 1990, mother and the children moved to a safehouse, and at the end of July 1990 they moved to Massachusetts. Father remained in Colorado.

In December 1990, father filed a petition for dissolution and moved for temporary custody of the children. Mother conceded that there had been a common law marriage so that Colorado had jurisdiction for the dissolution, but asserted that Massachusetts was the proper forum for the custody determination.

The trial court dissolved the marriage but, after consultation with the Massachusetts court, determined that Colorado was an inconvenient forum. The court deferred the matters of child support, custody, and maintenance to Massachusetts, concluding that that state's prior decree remained in effect.

Father first contends that the court erred in holding that the Massachusetts decree was still effective despite the parties' remarriage to each other. We agree.

As a general rule, when the parties to a divorce remarry each other, the court's jurisdiction over the parties is terminated and the provisions of the prior decree for matters of child support, custody, and

maintenance are nullified. *See Oliphant v. Oliphant,* 177 Ark. 613, 7 S.W.2d 783 (1928); *Davis v. Davis,* 68 Cal.2d 290, 437 P.2d 502, 66 Cal.Rptr. 14 (1968); *Warren v. Warren,* 213 Ga. 81, 97 S.E.2d 349 (1957); *Hildebrand v. Hildebrand,* 239 Neb. 605, 477 N.W.2d 1 (1991); *Schaff v. Schaff,* 446 N.W.2d 28 (N.D.1989); *Slape v. Slape,* 553 S.W.2d 171 (Tex.Civ.App.1977). *See also* § 14–10–122(2), C.R.S. (1987 Repl.Vol. 6B) (maintenance terminates on remarriage of payee spouse, absent contrary agreement or order).

■ Therefore, in the parties' dissolution proceeding here, the provisions of the prior dissolution decree are not binding, and the trial court may enter such prospective orders for child support, custody, and maintenance as are appropriate. *See Hildebrand v. Hildebrand, supra.*

Applying that rule here, we conclude that the child support, custody, and maintenance provisions of the prior Massachusetts decree did not remain effective in this second dissolution proceeding, and the trial court erred in deferring to them. We do not decide whether the parties may enforce any accrued rights under the Massachusetts decree, as that question is not before us.

Father also contends that the trial court abused its discretion in transferring the custody determination to Massachusetts. We disagree.

■ A basic policy of the Uniform Child Custody Jurisdiction Act, §§ 14–13–101 to 14–13–126, C.R.S. (1987 Repl.Vol. 6B), is that the courts of only one state should have responsibility for the custody of a child in order to discourage continuing controversies and forum shopping. The question whether jurisdiction exists for a custody determination is distinct from the question whether it should be exercised. *Barden v. Blau,* 712 P.2d 481 (Colo.1986).

■ Here, based on father's verified motion and the agreed facts of the children's situation, the trial court determined that it had jurisdiction but Massachusetts would be a more convenient forum. *See* §§ 14–13–104 and 14–13–108, C.R.S. (1987 Repl.

Vol. 6B). We find no abuse of discretion in that determination, notwithstanding the abbreviated proceedings in the trial court and the circumstances of the children's removal from Colorado. *See In re Marriage of Tatum,* 653 P.2d 74 (Colo.App.1982).

■ However, the order deferring to Massachusetts jurisdiction should be modified so that the Colorado proceedings are stayed only on the condition that an appropriate custody action be promptly commenced in Massachusetts, if one is not already pending. *See* § 14–13–108(5), C.R.S. (1987 Repl.Vol. 6B).

■ While the custody issue may be decided in another state under the Uniform Child Custody Jurisdiction Act, we know of no legal or factual basis for the trial court's deference to the Massachusetts court on the issues of maintenance and child support. *See* § 14–13–103(2) and § 14–13–108(6), C.R.S. (1987 Repl.Vol. 6B). Rather, to the extent of its jurisdiction to do so, the court must consider those issues in connection with the dissolution. Section 14–10–106(1)(b), C.R.S. (1987 Repl.Vol. 6B). We recognize, of course, that a resolution of the issue of child support may be required to be postponed until after the Massachusetts court enters its custody decision.

■ However, the trial court had jurisdiction over this issue, based on personal service on mother in Massachusetts, father's continuing domicile in Colorado, and the long-arm statute which submits a person to the jurisdiction of the courts of this state concerning any cause of action arising from:

> The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage ... if one of the parties of the marriage continues without interruption to be domiciled within the state.

Section 13–1–124(1)(e), C.R.S. (1987 Repl. Vol. 6A); *see In re Marriage of Wilson,* 765 P.2d 1085 (Colo.App.1988). Therefore, on remand the trial court should determine

the parties' current obligations for maintenance and child support under applicable Colorado law. *See* § 14–10–114, C.R.S. (1987 Repl.Vol. 6B) and § 14–10–115, C.R.S. (1992 Cum.Supp.); *see also* § 14–10–108, C.R.S. (1987 Repl.Vol. 6B) (temporary orders).

Father also contends that he had a right to testify at the hearing on jurisdiction, and the court refused to let him do so. The transcript of that hearing discloses that at one point father said, "Can I make a comment?" The court replied, "No, you can go through your attorney at this point, sir." After a discussion off the record, father's attorney said, "Okay," and the hearing was concluded without objection. We perceive no basis for reversal here.

We find no merit in father's remaining contentions.

That part of the judgment deferring to Massachusetts' custody jurisdiction is modified as provided in this opinion and, as modified, is affirmed. That part of the judgment determining that the prior Massachusetts decree remains effective in this dissolution proceeding is reversed. The cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

NEY and REED, JJ., concur.