In re PROTEST AGAINST JEROME TOWNSHIP ZONING REFERENDUM
PETITION ON NEW CALIFORNIA WOODS.

[Cite as *In re Protest Against Jerome Twp. Zoning Referendum Petition
on New California Woods*, 162 Ohio App.3d 712, 2005-Ohio-4189.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–05–05.

Decided Aug. 15, 2005.

Donald J. McTigue and Mark A. McGinnis, for appellants, New California Woods, Ltd., and David Bradley Holbert.

Terry Hord, Assistant Prosecuting Attorney, for appellee, Union County Board of Elections.

Jessie G. Dickinson Jr., pro se.

SHAW, Judge.

{¶ 1} Appellants, New California Woods, Ltd. ("NCW") and David Bradley Holbert, appeal the judgment of the Court of Common Pleas, Union County, Ohio, denying their protest against a zoning referendum petition filed with the Union County Board of Elections. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶ 2} The circumstances surrounding this case begin with the proposed development of approximately 107 acres in Jerome Township, Union County, by NCW. NCW developed a plan for a residential development on the property called The Reserve at New California and applied to the Jerome Township Zoning Commission to have the land rezoned from a U–1 rural district to a planned unit development ("PUD"). The commission recommended approval of the application to the Jerome Township Trustees, and the application was adopted.

{¶ 3} Following the approval of NCW's rezoning application, Jesse G. Dickinson Jr., a resident of Jerome Township, circulated a petition for a township zoning referendum on the approval of the application. The petition was then submitted to the Union County Board of Elections, which determined that the petition contained sufficient valid signatures.

{¶ 4} NCW and Holbert, an alleged elector of the state of Ohio, filed a written protest of the petition pursuant to R.C. 3501.39 and 3519.16 with the board of

elections. Thereafter, the Union County Prosecuting Attorney filed a complaint under R.C. 3519.16 with the Court of Common Pleas, Union County, Ohio. That section provides:

The circulator of any part-petition, the committee interested in the petition, or any elector may file with the board of elections a protest against the board's findings made pursuant to section 3519.15 of the Revised Code. Protests shall be in writing and shall specify reasons for the protest. Protests for all initiative and referendum petitions other than those to be voted on by electors throughout the entire state shall be filed not later than four p.m. of the sixty-fourth day before the day of the election. *Once the protest is filed, the board shall proceed to establish the sufficiency or insufficiency of the signatures and of the verification of those signatures in an action before the court of common pleas in the county.*

(Emphasis added). R.C. 3519.16.

{¶ 5} Dickinson, NCW, and Holbert all moved to intervene in the action, and the intervention was permitted by the trial court. All parties filed briefs with the trial court, which held a hearing on February 8, 2005. NCW and Holbert reasserted the grounds of their protest, arguing, inter alia, the insufficiency of the petition. Dickinson filed a motion at the hearing seeking to dismiss the case for lack of subject-matter jurisdiction under R.C. 3519.16. On February 23, 2005, the trial court filed a judgment entry, finding that it had jurisdiction over the case and ruling against NCW and Holbert's protests of the referendum petition.

{¶ 6} NCW and Holbert now appeal, asserting the following three assignments of error:

The Trial Court erred in not finding that the petition's summary failed to comply with R.C. 519.12.

The Trial Court erred in finding that the petition was accompanied by an appropriate map of the area affected by the zoning proposal pursuant to R.C. 519.12.

The Trial Court erred in finding that it lacked subject matter jurisdiction under R.C. 3519.16 over several grounds of the protest.

{¶ 7} The jurisdictional issue is dispositive of this case, and therefore we will first address the arguments under the third assignment of error. The complaint in this case was filed in the court of common pleas because a change to R.C. 3519.16 appears to make that statute applicable to local petitions and because the statute required the board of elections to bring the action within three days after the filing of the protest. R.C. 3519.16. Both parties argue before this court, however, that R.C. 3915.16 does not grant the trial court jurisdiction to entertain this issue.

{¶ 8} We review the determination of subject-matter jurisdiction de novo, without any deference to the trial court's determination. *Burns v. Daily* (1996), 114 Ohio App.3d 693, 701, 683 N.E.2d 1164. A de novo review requires an independent review of the lower court's decision without deference to that court's decision. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 9} The Ohio Constitution grants the courts of common pleas "original jurisdiction over all justiciable matters * * * as may be provided by law." Section 4(B), Article IV, Ohio Constitution. Accordingly, "the power to define the jurisdiction of the courts of common pleas rests in the General Assembly and * * * such courts may exercise only such jurisdiction as is expressly granted to them by the legislature." *Seventh Urban, Inc. v. Univ. Circle* (1981), 67 Ohio St.2d 19, 22, 21 O.O.3d 12, 423 N.E.2d 1070.

{¶ 10} Thus, the issue in this case is whether R.C. 3519.16 grants the trial court jurisdiction to hear NCW's protest challenging the validity of a petition for zoning regulations. We hold that it does not.

{¶ 11} R.C. 3519.16, by its very terms, governs the procedures a county board of elections must follow after a protest has been filed against the board's findings made pursuant to R.C. 3519.15. That section specifies procedures to be followed "[w]henever any initiative or referendum petition has been filed with the secretary of state." R.C. 3519.15. Specifically, that section instructs the board of elections to determine that each part-petition is properly verified and to authenticate the sufficiency of the signatures. R.C. 3519.16 merely grants specified persons the right to file a protest against the board's findings.

{¶ 12} Although the protest filed by NCW and Holbert asserts that it was filed under both R.C. 3501.39 and 3519.16, it is clear from the record that R.C. 3519.16 was not applicable, because NCW and Holbert's protest did not challenge the board's findings made pursuant to R.C. 3519.15. It is clear from the record that no party is challenging the sufficiency of the signatures obtained for the petition in this case; in the trial court proceedings, the parties stipulated to the sufficiency of the signatures.

{¶ 13} Rather, the protest involved in this case challenged the validity of the petition under R.C. 519.12. That section specifically governs zoning referendum petitions and requires, inter alia, that the petitions (1) be filed within 30 days of the adoption of the zoning application by the board of elections, (2) contain a brief summary of the application's contents, and (3) "[be] accompanied by an appropriate map of the area affected by the zoning proposal." R.C. 519.12(H). The various grounds of the protest assert that the petition was not timely filed, that the summary contained in the petition was false and misleading, and that the map

provided was not appropriate. Accordingly, the protest filed by NCW and Holbert was not governed by R.C. 3519.16.

{¶ 14} Moreover, R.C. 3501.39 provides a clear avenue for NCW and Holbert's protest to be heard by the board of elections. R.C. 519.12 refers to R.C. 3501.38, the statute generally governing petitions. R.C. 3501.39 provides for review of petitions filed under R.C. 3501.38. That provision specifically states that when a written protest is filed naming specific objections to a petition, the board of elections shall not accept the petition if it determines that the petition is invalid. R.C. 3501.39. Thus, jurisdiction over the protest is statutorily granted to the board of elections, not the court of common pleas.

{¶ 15} Finally, R.C. 519.12 is a specific provision governing applications for rezoning and petitions filed seeking a zoning referendum. R.C. 3519.16 is a general provision governing petitions filed with the secretary of state. Accordingly, when the provisions are in conflict, the specific provision will prevail over the general one. R.C. 1.51.

{¶ 16} Based on the foregoing, we hold that the trial court did not have subject-matter jurisdiction over the underlying claim. Accordingly, we reverse and remand the matter to the trial court for dismissal based upon lack of jurisdiction. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

{¶ 17} Due to our resolution of appellants' third assignment, we need not address the arguments made under the first and second assignments of error.

Judgment reversed
and cause remanded.

CUPP, P.J., and ROGERS, J., concur.