OPINION
{¶ 1} The agency-appellant, the Allen County Child Support Enforcement Agency ("ACCSEA"), appeals the judgment of the Allen County Common Pleas Court, Domestic Relations Division dismissing its motions relating to child support, which were filed as part of a dissolution case.
 {¶ 2} The plaintiff-appellee, Jan Pyle ("Jan"), and the defendant-appellee, Greg Pyle ("Greg"), were married in Allen County, Ohio on March 13, 1990. A daughter, Ashley Pyle ("Ashley"), was born as issue of the marriage on June 4, 1991, and Jan and Greg filed a petition for dissolution on August 12, 1991. The Domestic Relations Court adopted the parties' separation agreement and filed a decree of dissolution on October 31, 1991. The separation agreement designated Jan as Ashley's sole residential parent and legal custodian and provided that Greg would pay child support in the amount of $40.00 per week.
 {¶ 3} On December 15, 2004, Allen County Children Services Board ("ACCSB") filed a complaint in the Allen County Common Pleas Court, Juvenile Division, alleging that Ashley was a dependent child.[1] The adjudicatory and dispositional hearings were held on January 26, 2005. At that time, Ashley was adjudicated dependent, and apparently, she was placed in the temporary custody of her aunt, Bettie Waters ("Bettie"). The Juvenile Court filed its judgment entry on February 23, 2005.
 {¶ 4} On March 30, 2005, Jan and Greg remarried each other. ACCSB then filed two motions in Juvenile Court: a motion to modify custody and a motion for legal custody on behalf of Bettie. The Juvenile Court held a hearing on the motions, and in its judgment entry, filed on December 12, 2005, the court granted legal custody of Ashley to Bettie. In its entry, the Juvenile Court stated, "[i]t is further Ordered that the parties cooperate with the appropriate Child Support Enforcement Agency in the establishment of appropriate child support while the child remains in out of home placement." (Appellant's Br., Jul. 10, 2006, at Appendix).
 {¶ 5} On January 17, 2006, ACCSEA filed three motions as part of the original dissolution case filed in Domestic Relations Court. In its motions, ACCSEA requested the addition of Bettie as a party-plaintiff, and the modification of child support so as to name Jan as the obligor and Bettie as the obligee. The Domestic Relations Court dismissed the motions, finding that its original jurisdiction had been terminated when the Juvenile Court exercised its jurisdiction in the dependency action. ACCSEA appeals the judgment of the Domestic Relations Court and asserts the following assignment of error:
 The trial court [erred] in determining that the juvenile court exercised its original jurisdiction over the parties' child to the exclusion of the trial court, dismissing [sic] the ACCSEA's motions.
 {¶ 6} As an initial matter, we note that neither appellee has filed a brief. Therefore, we adopt the facts set forth by ACCSEA. App.R. 18(C).
 {¶ 7} The issue presented is whether a domestic relations court, which granted a dissolution and made original custody orders, retains jurisdiction as to child support after a juvenile court has adjudicated the minor child to be dependent, the parents have remarried each other, and the juvenile court has awarded legal custody to a non-parent. This litigation apparently presents a question of first impression in the state. For the reasons that follow, we hold the jurisdiction of the Domestic Relations Court was terminated, and we affirm the dismissal.
 {¶ 8} Issues pertaining to subject-matter jurisdiction are reviewed "de novo, [independently and] without any deference to the trial court's determination." In re Protest Against Jerome Twp. Zoning ReferendumPetition on New Cal. Woods, 162 Ohio App.3d 712, 2005-Ohio-4189,834 N.E.2d 873, at ¶ 8 (citing Burns v. Daily (1996), 114 Ohio App.3d 693,701, 683 N.E.2d 1164).
 {¶ 9} R.C. 3105.011 provides that domestic relations courts have "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." The original jurisdiction of a domestic relations court attaches when a petition for dissolution is filed. See generally Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,551 N.E.2d 157, at syllabus. In this case, the jurisdiction of the Domestic Relations Court attached when Jan and Greg filed their petition for dissolution on August 12, 1991.
 {¶ 10} Once a domestic relations court accepts the parties' separation agreement and enters a decree of dissolution, its jurisdiction is terminated as to property distribution and spousal support, unless continuing jurisdiction has been expressly reserved. R.C. 3105.65(B);Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2, 406 N.E.2d 1093 (citations omitted). However, the domestic relations court retains jurisdiction as to custody and child support until the child reaches the age of majority. R.C. 3105.65(B). Therefore, when the Domestic Relations Court granted the decree of dissolution on October 31, 1991, its jurisdiction was terminated as to property distribution and spousal support; however, the court retained continuing jurisdiction as to custody and child support.
 {¶ 11} Prior to Ashley reaching the age of majority, ACCSB filed a complaint in Juvenile Court, alleging her to be a dependent child.[2]
A "juvenile court has exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a * * * dependent child". R.C. 2151.23(A)(1). Therefore, Juvenile Court had exclusive original jurisdiction when it adjudicated Ashley a dependent child on January 26, 2005.
 {¶ 12} As to the disposition of a dependent child, juvenile courts also have exclusive original jurisdiction "to determine the custody of any child not a ward of another court of this state". (Emphasis added.). R.C. 2151.23(A)(2). In interpreting the language of R.C. 2151.23(A)(2), the Ohio Supreme Court has held that even after a domestic relations court has established custody as part of a divorce case, the child isnot a ward of that court. In re Poling, 64 Ohio St.3d 211, 214,1992-Ohio-144, 594 N.E.2d 589. In a unanimous decision for the court, Justice Resnick wrote:
 a court which renders a custody decision in a divorce case has continuing jurisdiction to modify that decision. However, the juvenile court has jurisdiction to make custody awards under certain circumstances. Hence, for the purposes of deciding custody where there has been a prior divorce decree, these courts can accurately be said to have concurrent jurisdiction.
(Emphasis added.). Id. at 215. Therefore, starting on the date the dependency action was filed, Juvenile Court and Domestic Relations Court shared concurrent jurisdiction as to Ashley's custody, and Juvenile Court had jurisdiction to place Ashley into Bettie's temporary custody.
 {¶ 13} Under the "priority doctrine," when two courts share concurrent jurisdiction, "the tribunal whose power is first invoked acquires jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals." Reams v.Reams, 6th Dist. Nos. L-04-1329, L-04-1276,2005-Ohio-5264, at ¶ 46 (citing John Weenink Sons Co. v. Court ofCommon Pleas (1948), 150 Ohio St. 349, 355, 82 N.E.2d 730; Price v.Price (1984), 16 Ohio App.3d 93, 95-96, 474 N.E.2d 662). "Th[e] priority doctrine has been specifically found to apply in divorce actions." Id. (citing Miller v. Court of Common Pleas (1944), 143 Ohio St. 68, 70,54 N.E.2d 130).
 {¶ 14} Under the priority doctrine, it would appear that the Domestic Relations Court had jurisdiction to determine issues of child support. However, Juvenile Court could also have jurisdiction pursuant toPoling and R.C. 2151.23(A)(11), which provides that the juvenile court will have exclusive original jurisdiction "to hear and determine a request for an order for the support of any child if the request is notancillary to an action for * * * dissolution of marriage". (Emphasis added.). In this case, ACCSEA's motions concerning child support were not ancillary to Jan and Greg's dissolution. Jan and Greg had remarried, and the issue of support arose due to Ashley's removal from her parents' care. On these facts, we believe the subject-matter jurisdiction of the Domestic Relations Court was terminated upon the parents' remarriage, and the Juvenile Court had jurisdiction to determine child support.
 {¶ 15} We have found no Ohio law directly on point with this case; however, we have found a few cases that are distinguishable. In a case ACCSEA urges us to rely upon, the Ninth District Court of Appeals was faced with the following facts. The Blands were married in 1983, and four children were born as issue of the marriage. Bland v. Bland, 9th Dist. No. 21228, 2003-Ohio-828, at ¶ 2. In 1997, the father filed for divorce, and the divorce decree was granted on March 31, 1998. Id. At that time, the mother was designated as residential parent, and the father was ordered to pay child support. Id. In December 1998, the Summit County Children Services Board filed a complaint in juvenile court, alleging the children to be neglected and dependent. Id. at ¶ 17. The juvenile court adjudicated the children neglected and dependent and awarded legal custody to the mother. Id. In October 1999, the juvenile court "terminated all orders". (Emphasis added). Id. In October 2000, the father filed, among other motions, a motion to reallocate parental rights in the domestic relations court. Id. at ¶ 3. The domestic relations court found a change in circumstances, designated the father as the residential parent, and ordered the mother to pay child support. Id. at ¶ 5-6.
 {¶ 16} On appeal, the mother argued that the domestic relations court lacked jurisdiction to modify the custody orders established by the juvenile court. Id. at ¶ 18. The court held, "because custody of the children was initially determined in the [domestic relations court], and the juvenile court abandoned jurisdiction over the children in October 1999, the [domestic relations court] had the right to reach a final decision upon the custody of the parties' children." (Emphasis added). Id. at ¶ 20. Bland is distinguishable from this case because the Ninth District was not faced with the parents' remarriage, which would affect the domestic relations court's jurisdiction. More significantly, inBland, the juvenile court terminated its orders before the father filed his motion to reallocate parental rights. In this case, the record does not indicate that Juvenile Court has terminated its orders.
 {¶ 17} The Tenth District Court of Appeals was confronted with a custody order entered by the Wood County Court of Common Pleas, Juvenile Division and a subsequent divorce granted to the parents in Franklin County Court of Common Pleas, Domestic Relations Division. Hardesty v.Hardesty (1984), 16 Ohio App.3d 56, 474 N.E.2d 368. The Wood County juvenile court attempted to transfer jurisdiction to the Wood County domestic relations court for child support enforcement; however, the Sixth District Court of Appeals found the transfer void. Id., citingHardesty v. Hardesty (Apr. 1, 1983), 6th Dist. No. WD-82-67, unreported. The father then filed a motion requesting that the Franklin County domestic relations court take jurisdiction. The father argued that the attempt to transfer jurisdiction from juvenile court to domestic relations court in Wood County had terminated the Wood County juvenile court's jurisdiction. Id. at 57. The Franklin County domestic relations court declined jurisdiction, and the father appealed. Id. The Tenth District held that the Wood County juvenile court retained jurisdiction because the first court to obtain jurisdiction and enter orders regarding custody and child support "retains continuing andexclusive jurisdiction over such matters." (Emphasis added.). Id. at 58. However, Poling was decided approximately eight years afterHardesty, and as noted above, Poling establishes that the domestic relations court and juvenile court have concurrent, rather than exclusive, jurisdiction. Since we have found no current case law vestingexclusive jurisdiction in the first court to obtain jurisdiction, we find Hardesty distinguishable from this case.
 {¶ 18} One of the most important issues in this case, which was not an issue in either Hardesty or Bland, is the parents' remarriage. Jan and Greg's remarriage on March 30, 2005 affected the jurisdiction of the domestic relations court. In dicta, the Fourth District Court of Appeals has stated:
 "[r]emarriage of the parents terminates a divorce court's jurisdiction over the parties and their minor children. Thus it is said in Nelson Divorce and Annulment, 2nd Edition 15.40 that `* * * if the divorced parents of minor children are reunited in lawful marriage to each other, the parental rights of each parent are restored the same as if no divorce had ever been granted, even though the custody of the children was awarded to one of the parents by the divorce decree.'"
 {¶ 19} (Emphasis added). Willis v. Willis (Dec. 4, 1990), 4th Dist. No. 609, unreported (Stephenson, J. concurring) (quoting Lockard v. Lockard (1951), 102 N.E.2d 747, 63 Ohio Law Abs. 549, 552 (citing McAlhany v. Allen (1942), 195 Ga. 150, 23 S.E.2d 676)). We find this reasoning to be both logical and sound public policy. Ohio encourages reconciliation of parents and the reunification of families. Allowing a domestic relations court to retain jurisdiction over custody and child support issues following the parents' remarriage to each other places the parents in an adversarial position when they should be working as team. Furthermore, all parents have an obligation to support their children. Therefore, we hold that the jurisdiction of the Domestic Relations Court as to Ashley's custody and child support was terminated when Jan and Greg remarried on March 30, 2005. See generally Galindo v.DeLosSantos, 3rd Dist. No. 4-03-50, 2004-Ohio-3343, at ¶ 8 ("[o]nce the parents were married, the duty of DeLosSantos to pay child support ended since the parents were residing in the same household as a married couple with their son."). See also Annotation (2005), 9 A.L.R. 6th 437, § 2 ("[m]any courts have followed the rule that child support does not continue to be owed or accrue after remarriage") (citations omitted). However, we caution that our holding is not determinative in situations where arrearages are owed, as that question is not presented by this case.
 {¶ 20} Domestic Relations Court and Juvenile Court had concurrent jurisdiction over custody once the dependency complaint was filed in juvenile court. However, Jan and Greg's subsequent remarriage terminated the jurisdiction of the domestic relations court as to custody and current child support. In ACCSEA's quest to obtain child support and to name Bettie as obligee and Jan as obligor, it appears Juvenile Court has retained jurisdiction over that issue. The Juvenile Court entered custody orders after the jurisdiction of the Domestic Relations Court was terminated by the parents' remarriage. Furthermore, since the Juvenile Court's record is not before us, we are not aware that the Juvenile Court has terminated its orders, and ACCSEA has made no such assertion in its brief. Accordingly, the sole assignment of error is overruled.
 {¶ 21} The judgment of the Allen County Common Pleas Court, Domestic Relations Division is affirmed.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] In re Pyle, Allen County Common Pleas Court, Juvenile Division, case number 04 JG 21523. The record from the Juvenile Court case is not before us on appeal.
[2] We reiterate that we do not have the Juvenile Court'srecord before us because this appeal is taken from filings made in the dissolution case filed in Domestic Relations Court.