**In re LUMAN.**

[Cite as *In re Luman*, 172 Ohio App.3d 461, 2007-Ohio-2565.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–06–13.

Decided May 29, 2007.

Richard E. Hackerd, for appellant, Tammy Robinson, Mother.

Randy Luman, pro se.

WILLAMOWSKI, Judge.

{¶ 1} The plaintiff-appellant, Tammy Robinson, appeals the judgment of the Wyandot County Common Pleas Court, Juvenile Division, dismissing her case for lack of jurisdiction.

{¶ 2} On August 16, 2006, Robinson filed a complaint captioned "complaint to adopt out of county order," "motion to modify parental rights and responsibilities," and "motion to terminate legal custody." In the complaint, Robinson

alleged that she is the natural mother of Kaylah Luman, a minor, and that she is a resident of Cuyahoga County. She alleged that the defendant-appellee, Randy Luman, is Kaylah's father, that he has been a resident of Wyandot County since 2002, and that he currently has custody of Kaylah. In 1999, Kaylah was adjudicated dependent in Huron County Common Pleas Court, Juvenile Division.[1] As its original disposition, the Huron County Juvenile Court granted legal custody to Kaylah's paternal grandparents; however, Luman was granted legal custody in 2002. Other motions were made in the Huron County case, and the last entry on the docket sheet was made on August 4, 2005. Robinson alleged that more than one year had elapsed since the last activity in the Huron County Juvenile Court; therefore, Robinson alleged, the Wyandot County Juvenile Court had jurisdiction under R.C. 2151.353(J). Robinson requested that the court modify custody under R.C. 2151.353(E)(2) and 2151.42 to grant her legal custody of Kaylah. Attached to the motion were three exhibits, including the docket sheet from the Huron County Juvenile Court.

{¶ 3} On August 16, 2006, the magistrate filed a decision, recommending dismissal of Robinson's complaint for lack of jurisdiction. The magistrate stated that the face of the complaint evidenced a paternity action filed in Seneca County Common Pleas Court, Juvenile Division.[2] Thus, the magistrate decided that Seneca County Juvenile Court had continuing jurisdiction since it had determined paternity and established child support. The magistrate also determined that the Huron County case "was more than a simple dependency case." Robinson timely filed objections to the magistrate's decision.

{¶ 4} On September 11, 2006, the court filed a judgment entry, indicating that the docket sheet from the Huron County Juvenile Court "creates more questions." The court expressed its concern about the case in Huron County and Robinson's failure "to explain Seneca County's involvement in this matter." In the interest of judicial economy, the court allowed Robinson to supplement her pleadings to address its concerns. The court also indicated its willingness to accept jurisdiction if the Huron County and Seneca County juvenile courts would relinquish jurisdiction.

{¶ 5} On October 6, 2006, Robinson filed a memorandum of law and a request for oral hearing. In the memorandum, Robinson stated that the Seneca County case dealt only with child support. She also stated that the Huron County Juvenile Court's judgment entry granting legal custody to Luman was a further dispositional order in the dependency case and not a decision in a separate

---

1. *In re Luman* (1999), Huron County C.P. No. J–99–19711.

2. *Cline v. Luman* (Aug. 16, 2006), Seneca C.P. No. 967117.

custody action. On October 31, 2006, Robinson filed "an amended complaint to adopt out of county order" and renewed her previous motions for custody, attaching five exhibits thereto.

{¶ 6} On October 31, 2006, the juvenile court filed its judgment entry dismissing Robinson's case. The court determined that the Huron County Juvenile Court had continuing jurisdiction over Kaylah. The judge indicated that she had spoken with the Huron County Juvenile Court judge, who indicated an unwillingness to relinquish jurisdiction. Based on this information, the court determined that Robinson was forum shopping, and it dismissed the complaint. Robinson appeals the judgment of the trial court, asserting one assignment of error for our review.[3]

### Assignment of Error

The trial court erred in dismissing Plaintiff–Appellant's case without a hearing for want of jurisdiction when jurisdiction was proper in Wyandot County.

{¶ 7} To support her assignment of error, Robinson asserts two arguments. First, she contends that R.C. 2151.353(J) vests jurisdiction in the Wyandot County Juvenile Court because Luman has lived in Wyandot County since the time of the dependency action. She also contends that there has been no activity in the Huron County case for more than one year. Second, Robinson argues that the trial court erred by dismissing the complaint without an evidentiary hearing.

{¶ 8} "Issues pertaining to subject-matter jurisdiction are reviewed 'de novo, independently and without any deference to the trial court's determination.'" *Pyle v. Pyle,* 3d Dist. No. 1–06–25, 2007-Ohio-110, 2007 WL 92377, at ¶ 8, quoting *In re Protest Against Jerome Twp. Zoning Referendum Petition on New California Woods,* 162 Ohio App.3d 712, 2005-Ohio-4189, 834 N.E.2d 873, at ¶ 8, citing *Burns v. Daily* (1996), 114 Ohio App.3d 693, 701, 683 N.E.2d 1164. To dismiss a complaint, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Keenan v. Adecco Emp. Serv., Inc.,* 3d Dist. No. 1–06–10, 2006-Ohio-3633, 2006 WL 1975871, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. A complaint may be dismissed sua sponte without notice if it is frivolous or if "the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288. In reviewing the complaint, the court must

---

3. We note that Luman did not file an answer or any motions under Civ.R. 12, nor has he filed an appellee's brief in this court.

accept all factual allegations as true. *Davidson v. Davidson,* 3d Dist. No. 17–05–12, 2005-Ohio-6414, 2005 WL 3274853, ¶ 8, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

{¶ 9} The trial court ruled on Robinson's amended complaint. Attached to the amended complaint were the following exhibits: a copy of the magistrate's decision filed in Huron County on October 31, 2002, which granted legal custody of Kaylah to Luman; a copy of the Huron County Juvenile Court's docket; a copy of Robinson's "affidavit";[4] a copy of the magistrate's decision filed on August 30, 1999, which adjudicated Kaylah a dependent child; a copy of the Seneca County Juvenile Court's docket; a copy of the complaint filed in the Seneca County Juvenile Court; and a copy of the judgment entry filed in the Seneca County Juvenile Court on August 20, 1999, determining that Luman is Kaylah's natural father, naming Robinson as the legal custodian and residential parent, ordering Luman to pay child support, and reserving the court's jurisdiction. Therefore, we must review the face of the amended complaint, including the exhibits attached thereto.

{¶ 10} As between Huron County and Wyandot County, we agree with Robinson that Wyandot County has jurisdiction in this matter. The initial dependency action was filed in Huron County Juvenile Court, which has exclusive, original jurisdiction of such cases pursuant to R.C. 2151.23(A)(1). Following the dependency adjudication, the juvenile court entered disposition. Specifically, it placed Kaylah under protective supervision and awarded temporary legal custody to her paternal grandparents. R.C. 2151.353(A)(1) and (2). The juvenile court extended protective supervision upon motion of children's services and pursuant to R.C. 2151.415(G)(1). Apparently, the juvenile court also extended the grandparents' legal custody under R.C. 2151.353(F) and 2151.415(A)(3).

{¶ 11} A custody arrangement ordered pursuant to R.C. 2151.415(A)(3) is intended to be permanent, but the court retains jurisdiction over the child until the child reaches the age of 18. R.C. 2151.353(E)(1) and 2151.415(E). Because the juvenile court has continuing jurisdiction, it may amend its dispositional orders "on its own motion or the motion of the agency or person with legal custody of the child, * * * or any other party to the action." R.C. 2151.415(F). In the Huron County case, Luman filed a motion for legal custody on September 4, 2002. The court granted the motion on October 31, 2002, and ordered a visitation schedule for Robinson, since her parental rights had not been terminated. Subsequently, Robinson filed a motion for legal custody in the Huron County

---

4. We note that Robinson's purported affidavit consists of legal conclusions rather than statements of fact.

case; however, Luman was granted judgment during the hearing. The last action in Huron County occurred on August 4, 2005.

{¶ 12} Robinson filed her complaint in Wyandot County on August 16, 2006, more than one year after the last action occurred in Huron County Juvenile Court, alleging that Luman had lived in Wyandot County since he was awarded legal custody in 2002. Therefore, Robinson contends that Wyandot County has jurisdiction pursuant to R.C. 2151.353(J), which states:

The jurisdiction of the court shall terminate one year after the date of the award or, if the court takes any further action in the matter subsequent to the award, the date of the latest further action subsequent to the award, if the court awards legal custody of a child to either of the following:

(1) A legal custodian who, at the time of the award of legal custody, resides in a county of this state other than the county in which the court is located;

(2) A legal custodian who resides in the county in which the court is located at the time of the award of legal custody, but moves to a different county of this state prior to one year after the date of the award or, if the court takes any further action in the matter subsequent to the award, one year after the date of the latest further action subsequent to the award.

The court in the county in which the legal custodian resides then shall have jurisdiction in the matter.

{¶ 13} Where a statute is clear and unambiguous, we are required to apply the statute as written. *Barth v. Barth,* 113 Ohio St.3d 27, 2007-Ohio-973, 862 N.E.2d 496, ¶ 10, quoting *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 396 N.E.2d 770, citing *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105–106, 65 O.O.2d 296, 304 N.E.2d 378. To determine whether the statute is clear and unambiguous, we must read the language of the statute itself, giving any words in question their ordinary meaning in the absence of a statutory definition. *David P. v. Kim D.,* 6th Dist. No. L–06–1164, 2007-Ohio-1865, 2007 WL 1165711, ¶ 11, citing *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763; *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011.

{¶ 14} The language of R.C. 2151.353(J) is clear and unambiguous. Assuming that the court in County 1 has jurisdiction over a dependency action, that jurisdiction will terminate under one of several scenarios outlined in R.C. 2151.353(J). First, if the court in County 1 awards legal custody to a custodian who resides in County 2 at the time of the award, and if the court in County 1 takes no further action in the matter subsequent to the award, the jurisdiction of the court in County 1 will terminate one year after granting that award. Second, if the court in County 1 awards legal custody to a custodian who resides in

County 1 at the time of the award, but that custodian moves to County 2 within one year after the award, and if the court in County 1 takes no further action in the matter subsequent to the award, the jurisdiction of the court in County 1 will terminate one year after granting the award. Third, if the court in County 1 awards legal custody to a custodian who resides in County 2 at the time of the award, and the court in County 1 takes further action in the case, the court in County 1 loses jurisdiction over the case one year after the last proceeding subsequent to the original custody award. Finally, if the court in County 1 awards legal custody to a custodian who resides in County 1 at the time of the award, but the custodian later moves to County 2 and there are further proceedings in County 1, the court in County 1 loses jurisdiction one year after the last proceeding subsequent to the original custody award.

{¶ 15} The facts in this case are most similar to the third scenario above, which is a scenario presented by R.C. 2151.353(J)(1). On the face of her complaint, Robinson alleged that when Huron County Juvenile Court granted Luman's motion for legal custody, which was a further dispositional order under R.C. Chapter 2151, Luman lived in Wyandot County. Robinson alleged that there had been subsequent proceedings in Huron County and that Luman continued to reside in Wyandot County. The date of the last proceeding in Huron County Juvenile Court's jurisdiction was statutorily terminated, and jurisdiction was vested in the Wyandot County Juvenile Court.

{¶ 16} R.C. 2151.353(J) applies only in the instances set forth in that section, and its effect is to transfer jurisdiction from the court in County 1 to the court in County 2, thus terminating the jurisdiction of the court in County 1 by operation of law. While the Huron County Juvenile Court may otherwise be an arguable venue, given its historical involvement with and knowledge of the family, the court's statutory loss of jurisdiction renders moot the question of whether the Huron County Juvenile Court should be considered the appropriate venue.

{¶ 17} We have found only one other case in which R.C. 2151.353(J) has been at issue. The Eighth District Court of Appeals, faced with a fact pattern similar to the first scenario set forth above, determined that the court that had made the initial award of custody did not have jurisdiction. *In re N.W.*, 8th Dist. No. 85468, 2005-Ohio-2466, 2005 WL 1190728. In that case, the Cuyahoga County Juvenile Court had granted legal custody of the child to relatives in Erie County. Apparently, there were no subsequent proceedings in the case until one and one-half years later when the child's natural father filed a motion in Cuyahoga County to modify custody. *In re N.W.* at ¶ 1. Applying the clear language of R.C. 2151.353(J)(1), the court determined that the Cuyahoga County Juvenile Court had lost jurisdiction. Id. at ¶ 9–10. The court also noted that the Uniform Child Custody Jurisdiction Act, R.C. 3109.22, was inapplicable when read in conjunction

with R.C. 2151.353(J). Id. at ¶ 14–23. Although the case from the Eighth District is not directly on point, it is instructive.

{¶ 18} On the face of her complaint, Robinson alleged that at the time she filed her complaint, Luman, as the legal custodian, resided in Wyandot County. Therefore, as between Huron County and Wyandot County, Robinson filed her complaint and demand for relief in the appropriate court. R.C. 2151.353(J) ("The court in the county in which the legal custodian resides then shall have jurisdiction in the matter"). The sole assignment of error is sustained. However, we note that the record does indicate that a paternity action concerning this child was filed in the Seneca County Juvenile Court. The face of the complaint is not clear as to the Seneca County Juvenile Court's involvement in this case. This appeal does not call upon us to determine the issue of jurisdiction as between Seneca County and Wyandot County. This opinion decides only the question of jurisdiction as between Huron County Juvenile Court and Wyandot County Juvenile Court, and Wyandot County "inherits" the jurisdiction that Huron County had.

{¶ 19} The judgment of the Wyandot County Common Pleas Court, Juvenile Division, is reversed, and this cause is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.