[Cite as *Stegall v. Nott*, 2017-Ohio-8683.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

DEBORAH STEGALL,

    PLAINTIFF-APPELLEE,                CASE NO. 2-17-11

    v.

CHANDRA NOTT, ET AL.,                O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2016 CV 0075

Judgment Reversed and Cause Remanded

Date of Decision:   November 27, 2017

APPEARANCES:

    *Dianna M. Anelli* for Appellants

    *Robert C. Wiesenmayer, II* for Appellee

Case No. 2-17-11

**ZIMMERMAN, J.**

{¶1} This appeal is brought by Chandra Nott and Ashley Stegall, (collectively referred to as the "Appellants") the Administrators of the estate of Victor J. Stegall ("decedent" or "Stegall"), from the judgment of the Auglaize County Common Pleas Court, Civil Division, granting summary judgment in favor of Deborah Stegall, ("Appellee"). For the reasons that follow, we reverse the judgment of the Auglaize County Common Pleas Court and remand this matter for further proceedings consistent with this opinion.

*Statement of Facts and Procedural History*

*Domestic Relations Divorce Decree*

{¶2} On October 16, 1998, Appellee and Victor Stegall were granted a divorce in the Auglaize County Common Pleas Court, Domestic Relations Division, in case number 97-DR-115. (Doc. No. 51, Ex. A). The divorce decree (the "Decree") was filed the same day. (*Id.*). Pertinent to this appeal, and in regards to the trial court's award of spousal support, the divorce decree provided as follows:

> The Court further finds that at this time there shall be no payment of spousal support fka alimony by Plaintiff [Victor Stegall] to the Defendant [Appellee] or by the Defendant to the Plaintiff. This provision of spousal support shall continue solely for the division of property and **shall be** subject to the continuing jurisdiction of the Court until such time as the division of property has been accomplished. The Court recognizes that the payment on the division of property is for maintenance and support of the Defendant and therefore is nondischargeable in bankruptcy.

-2-

(*Id.* at 3). And, with respect to the division of marital property, the divorce degree

further provided:

> **THE COURT FURTHER FINDS** that the parties have agreed that the Defendant [Appellee] shall receive as her division of the marital property and accounts $1,352,826.00 to be paid as follows: $500,000 shall be paid within sixty (60) days of August 3, 1998. After that, the amount to be paid by the Plaintiff [Victor Stegall] to the Defendant shall be $50,000.00 per year at an interest rate of ten (10%) until paid in full. The Plaintiff shall designate the Defendant as a beneficiary on the pension account to protect or secure her interest in this division of property until such time as this division of property is complete.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiff shall pay to the Defendant $500,000 within (60) days of the final hearing of divorce held on August 3, 1998. Further, the balance which shall be due and owing to the Defendant shall be paid at the rate of $50,000 per year on January 1 of each year with ten percent (10%) interest accruing on the unpaid balance, which includes principle [sic] and interest.
>
> In order to protect Defendant's interest, the Plaintiff shall designate the Defendant as beneficiary on his retirement accounts to protect or secure Defendant's interest in the division of property until the division of property is finalized.
>
> Until such time as the $500,000 has been paid by the Plaintiff to the Defendant, the Plaintiff shall continue to pay temporary spousal support in the amount of $1,027 per week.

(*Id.* at 11). Lastly, with respect to the division of property, the divorce decree

provided that "the division of property as set forth above is incident to a divorce and

is not a taxable event pursuant to IRS Code §408(b)(6) and IRS Code §71(b)(2)(A)."

(*Id*. at 13).

*Post-Decree Filings and Appeals*

{¶3} After the issuance of the Decree, several motions were filed by Appellee in the trial court regarding the enforcement of the Decree due to Stegall's failure to comply with the its terms.[1]  Further, and as a collateral matter, Appellee filed a legal malpractice lawsuit against her original divorce attorney, wherein decedent's deposition, which is relevant to this instant appeal, was taken.  *See, Stegall v. Crossman,* 2nd Dist. Montgomery No. 20306, 2004-Ohio-4691. Specifically, in his deposition, Stegall testified, in part, as to his interpretation of the division of property as ordered in the Decree.[2]

{¶4} Also relevant to this appeal, Stegall filed a post-judgment motion with the trial court, entitled "Plaintiff's [Victor Stegall] Motion to Terminate or Modify Spousal Support," on October 19, 2015.  (Doc. No. 19, Ex. A).  In this motion, Stegall requested the Domestic Relations Court to review his property division payments, averring that such "ha[d] nearly reached the end of the term."[3]  (*Id.* at 2). Stegall's motion also asserted that the Appellee was seeking an additional

---

[1] While Appellants attached an unofficial copy of the docket in case number 97-DR-115 (Victor Stegall and Appellee's divorce case), we are unable to review the actual Domestic Relations record because no appeal was filed from said case.  Our information regarding the proceedings in the divorce case comes from a review of attachments and references to the divorce post-judgment proceedings in the parties' briefs/filings.

[2] The Decedent's deposition was attached to the record for our review herein.

[3] Victor Stegall averred that he had made "sixteen (16) payments of $50,000, totaling $800,000, on his balance of $852,825" owed to Appellee per the Decree.

$2,025,430 (at the time of the motion's filing) "to complete payment of spousal support pursuant to the Judgment and Final Decree of Divorce." (*Id.* at 3).

**{¶5}** However, prior to perfecting service of his post decree motion on Appellee, Stegall died on December 7, 2015. Nevertheless, after his death, Stegall's adult daughters, Chandra Nott and Ashley Stegall were substituted as parties in the pending post-decree case and service of the motion was thereafter perfected upon Appellee on December 31, 2015. (*Id.,* Ex. B).

*Civil Division R.C. 2117.12 Suit*

**{¶6}** Before the Domestic Relations Court ruled on Stegall's motion to terminate or modify spousal support, Appellee filed a claim against the Estate of Victor Stegall in the Auglaize County Probate Court on February 17, 2016, claiming that the amount of $2,177,973.70 was owed her by the estate, and that such amount represented the unpaid balance due her under the property division award as set forth in the parties divorce decree. (Doc. No. 1, Ex. 1). Appellants, pursuant to R.C. 2117.11, rejected Appellee's claim against decedent's estate on March 14, 2016 and on April 27, 2016, and pursuant to R.C. 2117.12, Appellee filed a complaint versus Stegall's estate in the Auglaize County Court of Common Pleas, Civil Division requesting $2,177,973.70 from the estate. (*Id.,* Ex. 2; 4). Appellee asserted that the rejected claim was "a just and valid claim against the Estate of Victor John Stegall, deceased, and no part of it has been paid to Plaintiff." (*Id.*).

{¶7} Appellants requested the trial court to dismiss Appellee's complaint, asserting that since Stegall had filed his request to modify spousal support before he died (which was served upon Appellee prior to the filing of a claim against the estate) the Domestic Relations Court had exclusive subject matter jurisdiction to decide the dispute. (Doc. No. 19). In response, Appellee requested that the trial court overrule Stegall's motion, asserting that after her claim against the estate was rejected she filed a complaint pursuant to R.C. 2117.12 in the Common Pleas Court, Civil Division. (Doc. No. 31).

{¶8} On September 15, 2016, the Common Pleas Court, Civil Division, denied the Appellants' motion, finding that the Appellee had timely filed her action in the Civil Division pursuant to R.C. 2117.12 and that "[t]he parties agree[d] that this court has *exclusive* jurisdiction to hear such claims." (Emphasis added). (Doc. No. 32). The trial court further held that: "whether the obligation arising out of the judgment was or was not ambiguous, and whether and how much the claim should be allowed or rejected was within the *exclusive* jurisdiction of the Court [Civil Division]." (Emphasis added). (*Id.*). Upon the denial of Appellants' motion, the Domestic Relations Division Court dismissed Stegall's motion, due to the lack of subject matter jurisdiction. (Br. of Appellant at 19).

{¶9} On March 17, 2017, Appellee filed a motion for summary judgment on her complaint against decedent's estate in the trial court, attaching thereto the

following documents: the original divorce decree; the December 14, 1999 Entry and Order from the Domestic Relations Division; a copy of the *Stegall v. Crossman* decision; a copy of the claim presented against the Estate of Victor Stegall in the Probate court; the rejection of the claim by the Executors; the affidavit of Appellee (together with her accountant's calculations of decedent's payments pursuant to the property division award); and Stegall's deposition, taken in *Stegall v. Crossman*. (Doc. No. 51, Ex. Nos. A-G). In her summary judgment motion, Appellee directed the trial court to Stegall's deposition, wherein he testified on his understanding of the parties' divorce decree that:

> **Q. (Questioning by Attorney Kabat) Now, above and beyond the pension, the profit sharing, and the marital home and whatever you did for health insurance, you also reached an agreement with Deborah [Appellee] on August 3, 1998 as to the division of marital property and accounts; is that correct?**
>
> **A. (Stegall) Yes.**
>
> **Q. And Mr. Poppe had you read Plaintiff's Exhibit 53, which outlined the division of that property?**
>
> **A. Yes.**
>
> **Q. And that was an additional 1.3 million dollars to Deborah; is that correct?**
>
> **A. What do you mean by additional?**
>
> **Q. In addition to everything else --**
>
> **A. Oh, yeah.**

**Q.** – that she had been paid.

**A.** Yes.

**Q.** And you testified that you did, in fact, pay Deborah a half a million dollars in cash as you were required to do under the agreement?

**A.** I have done that.

**Q.** And that left a balance of approximately $850,000, correct?

**A.** That's correct.

**Q.** And that balance was to be paid over time?

**A.** Correct.

**Q.** And you were required, you are required to pay $50,000 a year to Deborah, correct?

**A.** Correct.

**Q.** And you've made all your payments thus far?

**A.** Correct.

**Q.** And is it your intention to continue to make the payments?

**A.** Correct.

**Q.** And honor your agreement?

**A.** Correct.

**Q.** When you made this deal, you understood that interest would accrue on the unpaid balance at the rate of 10 percent per year, correct?

**A. Correct.**

**Q. And you also understood that if you continued to make yearly payments of $50,000, you would never pay off the balance of $850,000, correct?**

**A. It's obvious that it won't be paid off, but I don't understand the question.**

**Q. Okay. You understood that the balance wouldn't be paid off if all you did was pay $50,000 per year because of the interest component?**

**A. Yes.**

**\* \* \***

**Q. And the only way to avoid paying the $50,000 per year is to pay Deborah the entire balance in one lump sum, correct?**

**A. Yes.**

(*Id.,* Ex. G, at 18-20).

{¶10} Appellants also filed a motion for summary judgment in the trial court, asserting that the 10% interest provision ordered in the Decree was only to be applied to the $50,000 annual payment, not to entire property division award of $852,000.[4] (Doc. No. 53). In support of their motion for summary judgment, Appellants attached thereto the following documents: Affidavit of Heather M.

---

[4] This amount represents the total amount of the award ($1,352,826) less the lump sum that Stegall paid Appellee ($500,000).

Deskins, a forensic accountant; the Curriculum Vitae of Heather M. Deskins; and two separate calculations of the 10% interest provision found in the Decree. (*Id.*, Ex. Nos. A-D).

{¶11} On March 30, 2017, the trial court filed its decision on summary judgment by granting Appellee's motion and denying Appellants' motion with prejudice. (Doc. No. 62). Specifically, the trial court determined: "[f]rom all of the evidence presented, the court finds that no genuine issue of material fact exists, and when construing the evidence most strongly in favor of the Defendants [Appellants] and against the Plaintiff [Appellee], reasonable minds can come to but one conclusion and that conclusion is adverse to the Defendants; and that judgment should be rendered in favor of the Plaintiff, who is entitled to judgment as a matter of law, in the particulars set forth below." (*Id.* at 115). The trial court determined the issue presented to be: "what rights and obligations were created by the judgment entry of October 16, 1998, and what is the amount of money plaintiff [Appellee] is owed by the decedent's estate." (*Id.* at 116). The trial court reasoned that, "when read in the entirety, the evidence is undisputed factually," and that Appellee had correctly calculated the amount Victor Stegall owed her at the time of his death, which was $2,177,973,70. (*Id.* at 118).

{¶12} However, the trial court also found that the parties' divorce decree [issued by the Domestic Relations Division] contained several contradictory

-10-

paragraphs. (*Id.* at 116). Specifically, in addressing the discrepancies in the Decree, the trial court determined:

> It [the Domestic Relations Division] ordered no spousal support, but ordered that the temporary support ordered earlier in the case would continue until the $500,000 payment was completed. It maintained continuing jurisdiction over the matter of spousal support until the payment of the division of property had been accomplished, adding that "[t]he Court recognizes that the payment on the division of property is for maintenance and support of the Defendant [Appellee] and therefore nondischargeable in bankruptcy.' In another paragraph, ties continuing jurisdiction of spousal support to any act which the ex-husband decedent [Victor Stegall] might do through bankruptcy "which effectively modifies the property division between the parties, thus effecting the need for support by Defendant." In yet another paragraph, the court "finds that the division of property as set forth above is incident to a divorce and is not a taxable event pursuant to" the IRS code.

(Internal citations omitted). (Emphasis deleted). (*Id.*).

{¶13} From this judgment the Appellants timely appealed, presenting the following assignments of error for our review:

<u>**ASSIGNMENT OF ERROR NO. I**</u>

**THE TRIAL COURT ERRED IN RENDERING A DECISION ON MATTERS OVER WHICH IT LACKED SUBJECT MATTER JURISDICTION.**

<u>**ASSIGNMENT OF ERROR NO. II**</u>

**THE TRIAL COURT ERRED IN FINDING THAT DEBOARAH STEGALL HAD A CLAIM AGAINST THE ESTATE OF VICTOR J. STEGALL IN THE AMOUNT OF $2,177,973.70.**

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT ERRED IN IGNORING DEBORAH STEGALL'S ALLOCATION FOR INCOME TAX PURPOSES OF PAYMENTS MADE TO HER BY VICTOR J. STEGALL.**

**ASSIGNMENT OF ERROR NO. IV**

**THE TRIAL COURT ERRED IN BASING ITS DECISION UPON THE FACTUALLY INACCURRATE PAYMENT ALLOCATION SCHEDULE ATTACHED TO DEBORAH STEGALL'S MOTION FOR SUMMARY JUDGMENT.**

**ASSIGNMENT OF ERROR NO. V**

**THE TRIAL COURT ERRED IN BASING ITS DECISION ON INADMISSIBLE HEARSAY EVIDENCE IN VIOLATION OF CIV.R. 56(E).**

**ASSIGNMENT OF ERROR NO. VI**

**THE TRIAL COURT ERRED IN REJECTING THE ADMINISTRATORS' EXPERT'S PROPERLY SUPPORTED AND FACTUALLY ACCURATE PAYMENT ALLOCATION SCHEDULE.**

*First Assignment of Error*

**{¶14}** In their first assignment of error, Appellants argue that the Civil Division of the Auglaize County Common Pleas Court lacked subject matter jurisdiction over Appellee's R.C. 2117.12 suit. Specifically, Appellants claim that the Domestic Relations Court had exclusive jurisdiction to decide Appellee's R.C. 2117.12 suit. For the reasons that follow, we agree.

-12-

*Standard of Review*

**{¶15}** "Issues pertaining to subject-matter jurisdiction are reviewed 'de novo, independently and without any deference to the trial court's determination.'" *Pyle v. Pyle,* 3rd Dist. Allen No. 1-06-25, 2007-Ohio-110, ¶ 8 quoting *In re Protest Against Jerome Twp. Zoning Referendum Petition on New California Woods,* 162 Ohio App.3d 712, 2005-Ohio-4189, 834 N.E.2d 873, ¶ 8 (3rd Dist.). Subject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 1997-Ohio-366, 684 N.E.2d 72 citing *State v. Wilson,* 73 Ohio St.3d 40, 46, 1995-Ohio-217, 652 N.E.2d 196 (1995). Furthermore, a judgment rendered by a court lacking subject matter jurisdiction is void *ab initio. Patton v. Diemer,* 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). The authority to vacate a void judgment is an inherit power possessed by Ohio Courts. *Hoffman v. New Life Fitness Centers, Inc.,* 116 Ohio App.3d 737, 739, 689 N.E.2d 84 (3rd Dist.1996).

*Analysis*

**{¶16}** Appellants claim that the Domestic Relations Court should have had exclusive jurisdiction to rule on Appellee's suit against the estate of Victor Stegall. "R.C. 3105.011 provides that domestic relations courts have 'full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters,' and the original jurisdiction of a domestic relations court attaches when a petition

for dissolution [or divorce] is filed." *Pyle,* at ¶ 9. "Once a domestic relations court accepts the parties' separation agreement and enters a decree of dissolution [or divorce], its jurisdiction is terminated as to property distribution and spousal support, *unless continuing jurisdiction has been expressly reserved.*" (Emphasis added). *Id.* at ¶ 10, citing R.C. 3105.65(B); *Loetz v. Loetz,* 63 Ohio St.2d 1, 2, 406 N.E.2d 1093 (1980).

{¶17} On October 16, 1998, the Domestic Relations Division issued its Judgment and Final Decree of Divorce relative to the parties divorce wherein it expressly reserved continuing jurisdiction over spousal support. Specifically, the parties' divorce decree provided: "at this time there shall be no payment of spousal support * * * by Plaintiff to the Defendant or by the Defendant to the Plaintiff. This provision of spousal support shall continue solely for the division of property and *shall be subject to the continuing jurisdiction of the Court until such time as the division of property has been accomplished.*" (Emphasis added). (Doc. No. 1, Ex. 2, at 6). With this language, the Domestic Relations Court expressly reserved jurisdiction over spousal support until the completion of the payments of the property division award, which is at contest herein.

*R.C. 2311.21*

{¶18} Of importance to this matter is R.C. 2311.21, Ohio's "abatement by death" statute. R.C. 2311.21 states, in its pertinent part, as follows:

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except for libel, slander, malicious prosecution, for a nuisance, * * *, which shall abate by the death of either party.

R.C. 2311.21.

{¶19} Thus, because Stegall's motion was filed in the Domestic Relations Court (pending service upon the Appellee) at the time of his death, and because Appellants were properly substituted as parties therein in the Domestic Relations Court prior to Appellee's filing of a claim against the estate, we must determine whether or not R.C. 2311.21 applies to Stegall's motion.

{¶20} As noted above, the parties divorce decree contained the provision that the Domestic Relations Court maintained continuing jurisdiction over spousal support "until such time as the division of property" had been accomplished. And because Stegall and Appellee were unable to agree upon the amount due under the decree, Stegall filed his motion in the Domestic Relations Court to interpret the "10% interest on the unpaid balance" provision contained in the decree. (*Id.* at 2-3).

{¶21} In the case of *Diemer v. Diemer,* the 8th District Court of Appeals addressed the survival of an action to enforce an alimony award and whether such is affected by R.C. 2311.21, Ohio's abatement statute. *Diemer v. Diemer,* 99 Ohio

App.3d 54, 60, 649 N.E.2d 1285 (8th Dist.1994). In *Diemer,* the 8th District concluded:

> We are of the opinion that the claim of [plaintiff] for alimony, at the time of her decease, was a debt against the defendant, *fixed as to the liability,* though subject to variation as to amount, and that *the cause survived in favor of her administrator.*

(Emphasis added.) *Id.*

{¶22} Thus, the facts before us are somewhat analogous to *Diemer.* And, since the parties divorce decree was fixed as to Stegall's liability to the Appellee, though subject to variation as to the amount, the cause (Stegall's motion) survives his death.

*Priority Doctrine*

{¶23} Appellants argue, under the "priority doctrine," that the Domestic Relations Division of the Common Pleas Court should have had exclusive jurisdiction over Appellee's rejected claim. Appellants assert that at the time the Civil Division's jurisdiction was invoked, the Domestic Relations Division's jurisdiction had already been re-invoked on the same issue involving the same parties, resulting in concurrent jurisdiction between the Domestic Relations Division and the Civil Division.

{¶24} The "priority doctrine," as cited by Appellants, provides that: "[i]n Ohio, as between courts of concurrent jurisdiction, the tribunal whose power is first

invoked acquires jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals." *Reams v. Reams,* 6th Dist. Lucas Nos. L-04-1329, L-04-1276, 2005-Ohio-5264, ¶ 46 citing *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.,* 150 Ohio St.3d 349, 355, 82 N.E.2d 730 (1948). The priority doctrine has been found to specifically apply in divorce actions. *Id.*

{¶25} We find Appellants' arguments as they relate to jurisdiction persuasive. When two or more suits are filed, the jurisdictional priority rule applies *where the claims and the parties are the same in both cases*. (Emphasis added). *Stuber v. Stuber,* 3rd Dist. Allen No. 1-89-36, 1990 WL 142013, *2. Even though Victor Stegall passed away while his motion was pending, Chandra Nott and Ashley Stegall were properly substituted as parties for Stegall's estate by the Domestic Relations Court. (Doc. No. 19, Ex. B). And because Deborah G. Stegall was the original defendant in the divorce case and the complainant in the instant case (in the Civil Division Court) we find that the first prong of the jurisdictional priority rule is satisfied because the parties here are identical.

{¶26} The issue then becomes whether the claims of the parties are identical in order for the priority rule to apply. Appellee's Complaint in the Civil Division arises from the property division award issued by the Domestic Relations Division in its Decree. Victor Stegall's Motion, while labeled as a motion involving spousal

support, is based upon the property division award ordered by the Decree. As such, both cases involve the interpretation of the property division award in the parties' divorce decree. Therefore, we find that the issues before the two courts were identical, with the caveat that the Domestic Relations Court had retained continuing jurisdiction of property division award.

{¶27} While Appellee asserts that Stegall's motion regarding the property division award was erroneously labeled as motion for spousal support, we find that the Decree made spousal support the only possible avenue for Victor Stegall to bring a motion concerning the property division award before the Domestic Relations Division. Specifically, the Domestic Relations Court, in its Decree, ordered spousal support "solely for the division of property and **shall be** subject to the continuing jurisdiction of the Court *until such time as the division of property has been accomplished*." (Emphasis added). (Doc. No. 1, Ex. 2, at 6). It is clear from the language of Stegall's motion that the issue before the Domestic Relations Court involved the division of property order, and the mechanism to address that division of property award, as ordered by the Domestic Relations Division, was through the spousal support order.

{¶28} Appellee raises the fact that the Domestic Relations Court dismissed Victor Stegall's Motion to Modify or Terminate Spousal Support, in support of her argument that Stegall's motion was erroneously filed and not appropriate in the

Domestic Relations Court. However, our review of the record reveals that the Domestic Relations Court dismissed Stegall's motion *after* the Civil Division Court determined that it had exclusive jurisdiction to rule on matters related to Appellee's Claim and Stegall's motion. Specifically, in its Entry denying Appellant's motion to dismiss, the Civil Division held that: "whether the obligation arising out of the judgment is or is not ambiguous, an [sic] whether and how much the claim should be allowed or rejected is within the exclusive jurisdiction of the general jurisdiction of this [Civil Division] court." (Doc. No. 32). Further, and in support of its jurisdiction on all matters related to the Decree and the property division award, the Civil Division stated: "there is no authority under Title 31 for executors to substitute for the decedent in an attempt to obtain "clarification" of the final decree of divorce after they have rejected the claim of a claimant ex-spouse." (*Id.*). And finally, the Civil Division Court, in its Entry Denying (Appellant's) Motion to Dismiss, stated that "[t]he parties agree that this court has exclusive jurisdiction to hear such [R.C. 2117.12] claims." (*Id.*).

{¶29} We find such analysis incorrect under the facts presented in this case. We find that the issues presented in both the Domestic Relations Court and the Civil Division Court were identical, namely what does Stegall owe Appellee pursuant to the property division language in the decree. We also find that the parties are the same for both cases. Therefore, under the jurisdictional priority rule, the Domestic

Relations Court should have exclusive jurisdiction to resolve the parties' dispute arising from the language in controversy contained in the Divorce Decree. Furthermore, while the Civil Division Court determined that the parties agreed that the it had exclusive jurisdiction to hear R.C. 2117.12 claims, subject matter jurisdiction cannot be waived. *See, State ex rel. Bond v. Velotta Co.,* 91 Ohio St.3d 418, 419, 2001-Ohio-91, 746 N.E.2d 1071; *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.,* 82 Ohio St.3d 37, 40, 1998-Ohio-597, 693 N.E.2d 789; *Springfield Local School Dist. Bd. of Edn. v. Lucas Cty. Budget Comm.,* 71 Ohio St.3d 120, 121, 1994-Ohio-453, 642 N.E.2d 362.

{¶30} While we do not dispute that Appellee, under R.C. 2117.12, followed the statutory procedure by filing a complaint in the General Division on her rejected claim, we find that because Stegall's motion was pending in the Domestic Relations Court that court was in the best position to determine the amount of Appellee's claim.[5]

{¶31} It was therefore error for the Civil Division Court, under these set of facts to have exercised exclusive jurisdiction to interpret and decide the parties' divorce decree controversy. Accordingly, the orders issued by the Civil Division Court are vacated and hereby rendered void.

---

[5] Of note is that the Judge of the Auglaize County Probate Court and the Auglaize County Domestic Relations Court are one and the same.

**{¶32}** For the aforementioned reasons, we sustain Appellants' First Assignment of Error.

*Conclusion*

**{¶33}** In sustaining Appellant's first assignment of error, Assignments of Error II through VI are rendered moot, as they stem from the Motion for Summary Judgment that the Civil Division issued. Finding that the Civil Division did not have jurisdiction to rule on Appellee's R.C. 2117.12 suit while Stegall's motion was pending in the Domestic Relations Division, we reverse the ruling of the Civil Division of the Auglaize County Common Pleas Court and remand this matter to the Domestic Relations Division of the Auglaize County Common Pleas Court for proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, J.J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**